Ryan Pittman (WSBA No. 57560)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: ryanp@hbsslaw.com

*Attorneys for Plaintiff B.G.*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

B.G., a minor, by and through her parent and legal guardian, Tiffany St. John,

Plaintiff,

v.

Stanley Steemer International, Inc.

Defendant.

**CIVIL ACTION NO.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Tiffany St. John, brings this Complaint on behalf of her minor daughter Plaintiff B.G., a minor against Defendant Stanley Steemer International, Inc. ("Defendant").

## I. PARTIES

1. Plaintiff B.G., a minor, is an individual residing at all material times in Mukilteo, Washington.

2. Defendant Stanley Steemer, Inc., provides carpet cleaning services and is incorporated under the laws of the State of Ohio and is headquartered in Dublin, Ohio.

## II. JURISDICTION AND VENUE

3. The Western District of Washington has original jurisdiction over this matter on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

4. Plaintiff B.G. is a citizen of the State of Washington.

5. Defendant Stanley Steemer, Inc., is incorporated under the laws of the State of Ohio

and has its principal place of business in the State of Ohio.

6. Defendant is licensed to conduct business in the State of Washington as a foreign corporation.

7. The matter in controversy exceeds the sum of $75,000.

8. Venue is proper in the Western District of Washington, Seattle, because the incident occurred in Seattle, King County, Washington.

## III. STATEMENT OF FACTS

9. On June 16, 2023, Plaintiff and Defendant were travelling southbound on I-5 near 130th Street in Seattle, Washington.

10. An agent of Defendant Stanley Steemer, Jules Purnell IV, was driving a van owned by Stanley Steemer and operated within the course and scope of his employment with Stanley Steemer.

11. Immediately before the accident, both Plaintiff and Defendant were driving in the fourth lane from the right.

12. Traffic on 1-5 southbound came to a complete stop in front of Plaintiff. Plaintiff came to a complete stop behind the car in front of her.

13. Defendant failed to stop and caused a rear end collision into the back of Plaintiff's car.

14. The force of Defendant's collision into Plaintiff forced her into the car in front of her.

15. Washington State Patrol issued a citation against Defendant for following too close.

16. Plaintiff sustained injuries from the accident that continue to impact her ability to perform day-to-day functions, focus in school, and maintain employment.

17. Defendant's actions have caused permanent harm.

18. Once a member of her high school's soccer team, Plaintiff is no longer able to play soccer or any other organized sport.

19. Plaintiff now struggles to walk or stand for extended periods of time, and



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

experiences frequent dizziness and debilitating migraines.

## IV. FIRST CAUSE OF ACTION: NEGLIGENCE

20. Plaintiff re-alleges all preceding paragraphs of this complaint and incorporates them herein by reference.

21. Defendant is vicariously liable for the negligent acts and omissions of its driver, Jules Purnell IV, under the doctrine of *respondeat superior*.

22. Defendant, including its agent Mr. Purnell IV, negligently operated its vehicle, and failed to follow the rules of the road under RCW 46.61 *et seq*., including, but not limited to following too closely, failing to maintain a proper lookout, and failing to exercise due care and caution.

23. As a direct and proximate result of the above acts and omissions of Defendant, Plaintiff suffered, and continues to suffer, permanent injuries, personal damage and disability, emotional harm, loss of enjoyment of life, and other general damages to be proven at the time of trial.

24. As a direct and proximate result of the above acts and omissions of Defendant, Plaintiff has been required to seek various medical treatment, and will continue to require medical treatment in the future, in amounts to be proven at the time of trial.

25. As a direct and proximate result of the above acts and omissions of Defendant, Plaintiff has suffered, and will continue to suffer lost wages, lost earning capacity, as well as other special damages, in amounts to be proven at the time of trial.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendant for her special and general damages;

B. Prejudgment interest;

C. For an award of attorneys' fees and costs to Plaintiffs; and

D. Further relief as the Court deems just and equitable.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

DATED this 19th day of December, 2024

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Ryan Pittman*
David Moody, WSBA No. 22853
Ryan Pittman, WSBA No. 57560
James Chong, WSBA No. 54594
William Kincaid, WSBA No. 54027

1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email:

*Attorneys for Plaintiff B.G.*