UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| B.G., a minor, by and through her parent and legal guardian, Tiffany St. John,<br>Plaintiff,<br>v.<br>Stanley Steemer International, Inc.,<br>Defendant. | CIVIL ACTION NO. 2:24-CV-2105-TL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND DEFAULT JUDGMENT<br><br>**[PROPOSED]** |

THIS MATTER, having come before the Court after oral argument from counsel on ______________, the Court having reviewed and considered all the records on file, including

1. Defendant's Motion to Vacate Entry of Default and Default Judgment;
2. Declaration of Ryan Jankowski;
3. Declaration of Gary Enneking;
4. Declaration of Jaime Heim;
5. Declaration of Rachel Tallon Reynolds;
6. Plaintiff's Opposition, if any; and
7. Defendant's Reply.

The Court being fully advised, now, therefore, it is HEREBY ORDERED that Defendant's

motion to vacate the entry of default and the default judgment is GRANTED. For all the reasons set forth in Defendant's motion to vacate and as found at the hearing, this Court ORDERS that the entry of default and the default judgment are VACATED under Federal Rules of Civil Procedure 55(c) and 60(b)(1).

All three good-cause factors favor Stanley Steemer and compel setting aside the entry of default and the default judgment. First, Stanley Steemer is not culpable for the default. Second, Stanley Steemer has meritorious defenses to Plaintiff's negligence claim. Third, setting aside the default and default judgment will not prejudice Plaintiff.

In addition, Stanley Steemer informally appeared in this action, so it was entitled to notice of Plaintiff's motion for entry of default and motion for default judgment. Plaintiff gave no notice to Stanley Steemer, as Rule 55 requires, even as Stanley Steemer's representative was repeatedly trying to communicate with Plaintiff's counsel for nearly a year about Plaintiff's negligence claim. And Stanley Steemer clearly indicated to Plaintiff its intent to defend. So the Court concludes that the entry of default and the default judgment must be set aside for the additional reason that Plaintiff failed to give the required notice to Stanley Steamer under Rule 55(a), (b)(2).

DATED: this _____ day of _______________, 2025.

_________________________________
Tana Lin
United States District Judge

Presented by:

CARNEY BADLEY SPELLMAN, PS

By: /s/ Rory D. Cosgrove
Rory D. Cosgrove, WSBA No. 48647
Jason W. Anderson, WSBA No. 30512
Ashley D. Burman, WSBA No. 58754

701 Fifth Avenue, Suite 3600
Seattle, Washington 98104
(206) 607-8020
cosgrove@carneylaw.com
anderson@carneylaw.com
burman@carneylaw.com

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Rachel Tallon Reynolds
Rachel Tallon Reynolds, WSBA No. 38750
Dirk J. Muse, WSBA No. 28911
Natasha A. Fingar, WSBA No. 62842

520 Pike Street, Suite 2350
Seattle, Washington 98101
(206) 709-5900
rachel.t.reynolds@wilsonelser.com
dirk.muse@wilsonelser.com
natasha.fingar@wilsonelser.com

*Attorneys for Defendant Stanley Steemer International, Inc.*