Docusign Envelope ID: 372F9614-F481-4323-B487-5C3046CCBF39

Judge Tana Lin

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| B.G., a minor, by and through her parent and legal guardian, Tiffany St. John,<br>Plaintiff,<br>v.<br>Stanley Steemer International, Inc.,<br>Defendant. | CIVIL ACTION NO. 2:24-CV-2105-TL<br><br>DECLARATION OF GARY ENNEKING IN SUPPORT OF DEFENDANT STANLEY STEEMER INTERNATIONAL, INC.'S MOTION TO VACATE DEFAULT JUDGMENT UNDER RULE 60(b) |

I, Gary Enneking, declare:

1. I am over the age of 18 years. I am competent to testify. I have personal knowledge of the facts identified in this declaration.

2. Since December 2022, I have been employed by Continental Casualty Company (*Continental*) as a claims consultant. In my claims-consultant role for Continental, I handle both automotive- and general-liability claims involving personal injuries. The files I handle for Continental involve litigated and non-litigated personal-injury claims. My daily tasks include coverage verification and review, initial and ongoing communication, liability investigation and determination, investigation of all facts underlying the claim, damage review and evaluation, and claim negotiation and settlement with plaintiffs and their counsel.

3. Stanley Steemer International, Inc is the named insured under auto policy BUA7015203406. The policy period was January 1, 2023, to January 1, 2024. This policy was underwritten through Continental.

4. Based on my review of Continental's records generated and maintained in the ordinary course of business, I learned that Plaintiff was in contact with Continental within days of the car accident on June 16, 2023—over a year before she filed suit. *See* Declaration of Jaime Heim ¶ 3. Five weeks after the accident, Plaintiff advised Continental that she had retained Ryan Pittman as her attorney, and Mr. Pittman provided Continental with a letter of representation in early August 2023. Attached as **Exhibit 1** is a true and correct copy of Mr. Pittman's letter of representation.

5. Since late May 2024, I have been Continental's claims consultant assigned to this file to resolve only Plaintiff's personal-injury claim.

6. Between June 21, 2023 (Continental's first recorded attempt to contact Plaintiff), and December 26, 2024 (the date Stanley Steemer was served with the summons and complaint), Continental's records generated and maintained in the ordinary course of business indicate, as shown below, that Continental, Plaintiff, and Plaintiff's counsel exchanged correspondence via email and phone at least 35 times. The topics of this correspondence included payment for property damage to Ms. St. John's vehicle; Ms. Gonzalez's medical bills, diagnoses, and treatment; status requests; and a settlement offer by Continental.

7. The day after I was assigned to this file on May 28, 2024, I began investigating Plaintiff's personal-injury claim to assess liability and damages. For instance, I called Plaintiff's counsel and left him a voicemail. I also confirmed my voicemail via email to Mr. Pittman. I advised Mr. Pittman that Continental assigned Plaintiff's personal-injury claim to "me for handling to conclusion." In my voicemail and email to Plaintiff's counsel, I

requested that Mr. Pittman send information to me about Ms. Gonzalez's "current treatment plan, medical condition, lost wages and diagnosis." And I reiterated that I looked forward to working with Mr. Pitman "to facilitate a resolution to this matter." Attached as **Exhibit 2** is a true and correct copy of my email to Plaintiff's counsel on May 29, 2024.

8. Plaintiff's counsel confirmed receipt of my May 2024 email, indicated that he was collecting records from Seattle Children's Hospital, and suggested that he would provide these records to me to help evaluate the case. Attached as **Exhibit 3** are true and correct copies of Mr. Pittman's emails to me in early June 2024.

9. In early August 2024, I again called Plaintiff's counsel and left a voicemail requesting Ms. Gonzalez's medical records to assess her alleged damages. Plaintiff's counsel never returned my phone call or voicemail.

10. Between September and November 2024, I repeatedly requested status updates from Plaintiff's counsel. Plaintiff's counsel never returned my voicemails or emails. Attached as **Exhibit 4** is a true and correct copy of my email to Plaintiff's counsel on November 4, 2024, requesting a status update.

11. In early December 2024, I called Plaintiff's counsel and left a voicemail. In my voicemail, I requested a status update on the case and requested to engage in settlement negotiations. For instance, I offered $25,000 on behalf of Stanley Steemer to settle Plaintiff's negligence claim against Stanley Steemer. A week later, I called and left another voicemail with Plaintiff's counsel, again requesting a status update and a desire to resolve the case. Plaintiff's counsel returned none of my voicemails.

12. As it turned out, unbeknownst to me as the claims consultant assigned to resolve Plaintiff's personal-injury claim since May 2024, Plaintiff filed suit in this Court on December 19, 2024, asserting one claim of negligence against Stanley Steemer International, Inc. As

explained in the declaration of Jaime Heim, that complaint never got saved in Continental's files, and I was unaware that Plaintiff had filed a lawsuit against Stanley Steemer until I later learned of the default judgment's entry in early August 2025.

13. In most cases where I am the assigned personal-injury claims consultant, I attempt to mitigate the potential exposure of claims and suit by proactively working my files and developing a working relationship with the plaintiff's attorney. This includes establishing immediate rapport and building trust with the plaintiff's attorney through direct phone contact. For instance, I routinely engage in ongoing, direct phone and email communication with the plaintiff's attorney, letting them know who I am, the purpose of my involvement, and that I desire to resolve the case amicably to avoid litigation. To overcome someone's mistakenly overlooking my voicemails, I will often follow up with an email so that the plaintiff's attorney has back-up communication to help them in their busy day. During my file handling, I request information about damages, including the alleged injuries, all treatment obtained, and future treatment anticipated. I advise the plaintiff's attorney that once they provide proof of damages, I will carefully review, evaluate, and pursue resolution discussions.

14. This file here was no different. Once the file was assigned to me as lead claims consultant for resolving Plaintiff's personal-injury claim in late May 2024, I called Ryan Pittman to introduce myself and provide my contact information. I followed up my phone calls with emails and voicemails to obtain damages information and to discuss resolution.

15. If a plaintiff files a summons and complaint against a Continental insured, the insured under the policy must notify Continental immediately. Once notified, under the policy's terms and conditions, Continental has a right and duty to defend the insured, including the right to appoint counsel.

16. Under Continental's internal claims-handling policies, which I am familiar with

Docusign Envelope ID: 372F9614-F481-4323-B487-5C3046CCBF39

and follow in my claims-consultant role for Continental, all legal papers forwarded to Continental, including complaints filed against its insureds, must be saved into the file. Once saved, a note is placed in the file to identify when the suit was received. This process assists with calendaring deadlines to ensure that Continental retains counsel to timely answer any complaints filed against Continental's insureds. I have performed these duties in numerous files under my supervision when a complaint is forwarded directly to me. In those rare instances when a complaint is forwarded to another department or adjuster within Continental, Continental's internal claims-handling policies require the complaint to be forwarded to the assigned claims consultant.

17. For instance, when I am forwarded a complaint for personal injuries or otherwise notified that a complaint for personal injuries has been filed against one of Continental's insureds, I as the lead claims consultant must verify the service date to our insured, compare the named defendant to our named insured for coverage verification, summarize the complaint details in the file, identify jurisdiction, and contact local defense counsel to be retained. This process is completed immediately. Once conflict-free defense counsel has been identified and retained by Continental, I complete my litigation assignment to defense counsel on behalf of the named insured, and the name insured is notified of the defense-attorney assignment. I would then be entrusted with ongoing negotiations and resolution of the file and periodic status reporting to the named insured.

18. While I handled Plaintiff's personal-injury claim for Continental on Stanley Steemer's behalf, I was not made aware before August 2025 that Plaintiff had filed a complaint against Stanley Steemer in December 2024. Nor did Continental's files contain a copy of Plaintiff's complaint. Nor did Plaintiff or her counsel notify me that they had filed suit in this Court. Had I been notified that Plaintiff had filed suit in December 2024, I would have retained

defense counsel to protect Stanley Steemer's interests.

19. Unaware that Plaintiff had filed a lawsuit against Stanley Steemer on December 19, 2024, I again called Plaintiff's counsel on January 16, 2025. I left a voicemail requesting to discuss Continental's pending $25,000 settlement offer to resolve the case. Plaintiff's counsel never responded to my voicemail. Worse, as I later learned in August 2025, Plaintiff sought default on January 24, 2025. Despite my repeated communication with Plaintiff's counsel requesting information to substantiate Plaintiff's alleged injuries and about fully resolving this matter, including my pending settlement offer, Plaintiff's counsel never notified me or anyone else at Continental that Plaintiff intended to seek default or otherwise moved for default.

20. In late February 2025, I again contacted Plaintiff's counsel via email and requested "a status update and response to my initial offer in November of $25,000" to settle Plaintiff's negligence claim against Stanley Steemer. Attached as **Exhibit 5** is a true and correct copy of my email to Plaintiff's counsel on February 25, 2025. Plaintiff's counsel never responded to this email.

21. About three weeks later in mid-March 2025, I emailed Plaintiff's counsel. I followed up on my numerous prior email and voicemail "requests regarding the negotiations and status of Ms. Gonzalez." I confirmed that Plaintiff's counsel never responded to my $25,000 offer in early December 2024 to resolve this matter. I also asked Plaintiff's counsel to forward "the complete damage package for review." Attached as **Exhibit 6** is a true and correct copy of my email to Plaintiff's counsel on March 19, 2025.

22. A month later on April 21, 2025, I called Plaintiff's counsel and left another voicemail. I requested a response to my $25,000 offer to settle this matter. Plaintiff's counsel never responded to this voicemail.

Docusign Envelope ID: 372F9614-F481-4323-B487-5C3046CCBF39

23. On April 29, 2025, unbeknownst to me or Continental, Plaintiff sought entry of default judgment. Plaintiff never once informed the Court in its moving papers that I had made a settlement offer to resolve Plaintiff's claim, which was still pending when Plaintiff sought default and default judgment. Nor did Plaintiff's counsel inform the Court about my repeated communications to him to defend and resolve this matter.

24. Twice, once in late May and the other in early June 2025, I contacted Plaintiff's counsel via phone and email and requested a response to my December 2024 settlement offer to resolve this case. Plaintiff's counsel never responded.

25. In total, between January 16, 2025, and June 12, 2025, while Plaintiff's counsel was seeking a default order and judgment, I called Plaintiff's counsel six times and left voicemails requesting a call back to discuss the case and the settlement offer I had extended in December 2024. Plaintiff's counsel returned none of my phone calls or emails.

26. Plaintiff's counsel provided none of the basic information I had requested to assess Plaintiff's alleged damages, including Ms. Gonzalez's medical records.

27. At no point did Plaintiff or her counsel indicate an intent to move for default or otherwise notify Continental that Plaintiff would seek default on January 24, 2025.

28. Continental and I learned about the default judgment for the first time when Stanley Steemer contacted me and Continental after being served with the Court's order on Plaintiff's motion for default judgment. Continental immediately retained defense counsel to seek to vacate the default judgment under Rule 60(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing testimony is true and correct.

Docusign Envelope ID: 372F9614-F481-4323-B487-5C3046CCBF39

Signed at Littleton, Colorado, this 9th day of September, 2025.

Signed by:
By: Gary Enneking
E267A0B7F1554A0...
Gary Enneking, CPCU, AIC