Docusign Envelope ID: CE5067E7-EEDB-433F-B487-454F6BF299C4

Judge Tana Lin

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| B.G., a minor, by and through her parent and legal guardian, Tiffany St. John,<br>Plaintiff,<br>v.<br>Stanley Steemer International, Inc.,<br>Defendant. | CIVIL ACTION NO. 2:24-CV-2105-TL<br><br>DECLARATION OF JAIME HEIM IN SUPPORT OF DEFENDANT STANLEY STEEMER INTERNATIONAL, INC.'S MOTION TO VACATE DEFAULT JUDGMENT UNDER RULE 60(b) |

I, Jaime Heim, declare:

1. I am over the age of 18 years. I am competent to testify. I have personal knowledge of the facts identified in this declaration.

2. Since 2021, I have been employed with Continental Casualty Company (*Continental*) as an "Auto Physical Damage" adjuster. In my adjuster role, I handle automotive claims involving property damages. My daily tasks include coverage confirmation; identifying claimant and insured contacts; reviewing underlying documentation including police reports, scene photos, and driver statements; issuing payments to resolve property-damage claims; and managing rental vehicles. If I am made or become aware of any personal injuries involving an automotive claim, or if I suspect any such injuries through my investigation, I must escalate the

Docusign Envelope ID: CE5067E7-EEDB-433F-B487-454F6BF299C4

matter to my manager to ensure that a bodily-injury adjuster is also assigned to the claim.

3. Since June 21, 2023, I have been the adjuster assigned to resolve Plaintiff's property-damage claim arising from the car accident involving Plaintiff Tiffany St. John and one of Stanley Steemer's employees. The named insured, Stanley Steemer, did not contest liability for the property damages caused to Plaintiff's 2012 Mercedes-Benz C250 four-door sedan. One day later, I emailed Tiffany St. John, where I introduced myself, indicated that Continental accepted liability for the damages to Plaintiff's vehicle, and informed her about Continental's virtual appraisal service, Snap Sheet. I told Ms. St. John that I had requested a bodily-injury adjuster to be assigned to the file because Plaintiff's daughter, Bailey Gonzalez, alleged personal injuries. Attached as **Exhibit 1** is a true and correct copy of the email I sent to Ms. St. John in June 2023.

4. On June 22, 2023, I ordered a copy of the police report from the car accident that is the subject of this lawsuit. About a week later, Continental received a copy of that police report. Attached as **Exhibit 2** is a true and correct copy of the police report.

5. I assigned Snap Sheet—Continental's virtual appraisal vendor—to assist in resolving Ms. St. John's property-damage claim. After I assign Snap Sheet to a file, Snap Sheet contacts the vehicle's owner via text message, email, or phone call, and prompts the vehicle's owner to download its app. Snap Sheet then instructs the vehicle's owner to take and upload photographs of the vehicle (such as the vehicle's VIN, front, back, and odometer) so that an appraisal of the vehicle can be made. I advised Ms. St. John via email that Snap Sheet would contact her within 24 hours to start the appraisal process. And I directed Ms. St. John to follow Snap Sheet's prompts to help create the preliminary estimate for her vehicle. Attached as **Exhibit 3** is a true and correct copy of the preliminary estimate to repair the damages to Ms. St. John's Mercedes vehicle. That preliminary estimate indicated that the cost to repair her vehicle

Docusign Envelope ID: CE5067E7-EEDB-433F-B487-454F6BF299C4

was $1,021.72.

6. On July 10, 2023, I issued payment to Ms. St. John to resolve her property-damage claim. I confirmed payment and next-step instructions with Ms. St John via email. Ms. St. John responded and posed questions about the payment, the vehicle's preliminary estimated value, and her daughter's medical treatment. I answered Ms. St. John's questions and provided her with the contact information for Continental's then-assigned bodily-injury adjuster. Attached as **Exhibit 4** is a true and correct copy of the email exchange between me and Ms. St. John in July 2023.

7. In early August 2023, Ms. St. John's Mercedes vehicle was determined to be a "total loss." The total damages found by the facility to repair Ms. St. John's vehicle exceeded the vehicle's actual cash value. For instance, the cost to repair Ms. St. John's vehicle was determined to be $11,598.62 (nearly half of which was labor costs), whereas the vehicle's actual cash value was determined to be $10,292. Continental paid $11,501.08 to resolve Ms. St. John's property-damage claim. After Continental settled that claim, my handling of Ms. St. John's property-damage claim ended on August 10, 2023.

8. From when I was assigned to resolve Ms. St. John's property-damage claim until I resolved that claim, I had numerous communications with Ms. St. John. Attached as **Exhibit 3** is a true and accurate copy of the complete email exchanges between me and Ms. St. John.

9. Between October and November 2024, I took paid family medical leave due to a family emergency. My youngest child had been institutionalized after a suicide attempt. When my child finally returned home, they needed additional care, which I provided. I was not at the office or otherwise handling any claims for Continental during this time.

10. Less than a month later, at 8:08 PM on December 26, 2024, a compliance analyst for Stanley Steemer sent me an email, entitled "Seattle Accident," and attached a copy of

Docusign Envelope ID: CE5067E7-EEDB-433F-B487-454F6BF299C4

Plaintiff's complaint. I do not recall ever receiving or seeing this email. And I do not know why Stanley Steemer sent me this email because I was not Continental's assigned claims adjuster to handle Plaintiff's personal-injury claim. Instead, Gary Enneking of Continental was assigned to handle Plaintiff's personal-injury claim at that time.

11. In August 2025, after I learned that the Court had entered a default judgment against Stanley Steemer, I searched my inbox for this December 26, 2024 email from Stanley Steemer, which attached Plaintiff's complaint. I did not locate that email. I only became aware of that email when Stanely Steemer forwarded it to me in August 2025. Attached as **Exhibit 5** is a true and accurate copy of the December 26, 2024 email that Stanley forwarded to me in August 2025.

12. Because I do not recall ever seeing the email to me attaching Plaintiff's complaint on December 26, 2024, that complaint was never saved internally in Continental's files.

13. Had I received a copy of Plaintiff's complaint in late December 2024, I would have immediately escalated that lawsuit to my manager, saved a copy of the lawsuit to the claim file, and forwarded the email to the appropriate adjuster assigned to handle Plaintiff's personal-injury claim—Gary Enneking. I did not handle bodily-injury claims or litigated files in 2023 or 2024; I handled only property-damage claims arising from vehicle accidents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing testimony is true and correct.

Signed at Hamburg, PA this 11th day of September, 2025.

By: Signed by: Jaime Heim EC55ED27493049C...

Jaime Heim