# EXHIBIT 1

**September 8, 2025**

**Rachel Tallon Reynolds**
206.709.5866 (direct)
206.669.0212 (mobile)
Rachel.T.Reynolds@wilsonelser.com

Ryan Pittman
David P. Moody
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
davidm@hbsslaw.com
ryanp@hbsslaw.com

Re: *B.G. v. Stanley Steemer*
Western District of Washington Civil Action No. 2:24-CV-2105-TL
Notice of Rule 11 violation

Dear Mr. Pittman and Mr. Moody:

We write about your potential Rule 11 violation. We invite a resolution of this issue without seeking Rule 11 sanctions.

Multiple filings in this case concerning your client's request for default and a default judgment have material misstatements. These filings include (1) Plaintiff's motion for default judgment; (2) Ryan Pittman's declaration supporting Plaintiff's motion for default; and (3) Ryan Pittman's declaration supporting Plaintiff's motion for default judgment. These statements should be voluntarily withdrawn. And your client should ask the court to vacate the default judgment as a remedy for this problem.

First, Mr. Pittman's declaration filed January 24 represented that Stanley Steemer had not contacted Plaintiff. Pittman Default Order Decl. ¶ 7. This statement has no "evidentiary support." FRCP 11(b)(3). Ms. Tiffany St. John's counsel and Stanley Steemer's insurer, Continental, alone had more than twenty emails and phone calls between August 2023 and January 2024. Ms. Tiffany St. John also had direct contact with Continental. Continental acted as Stanley Steemer's agent in these communications. So Mr. Pittman's representation that Stanley Steemer had not contacted Ms. St. John's counsel before January 2025 is inaccurate.

Second, these filings represent that Plaintiff had no "recourse" if she was not given a default judgment. Plaintiff's Motion for Default Judgment at 1, 2, 13. This statement too has no "evidentiary support." FRCP 11(b)(3). When Ms. St. John sought default judgment, Continental had made a pending settlement offer for the personal-injury claim. Continental had followed up with Ms. St. John's counsel

about this offer several times, including leaving seven voicemails requesting a status update and response. Ms. St. John's counsel opted not to respond and instead moved for default and default judgment. Your representations that Ms. St. John had no other "recourse" is thus inaccurate.

These misstatements are material. Because of these statements, the court granted Ms. St. John's motions for default and default judgment. And the court has entered a judgment against Stanley Steemer for $5,185,673.46. The court's order makes clear that it entered judgment because it believed that Stanley Steemer had not appeared, defended the suit, or contacted Ms. St. John's counsel. More, these misstatements allowed the court to enter judgement without Ms. St. John's having served Stanley Steemer with the motions for default and default judgment, even though notice and service were required.

We ask you to immediately withdraw these misstatements and request that the court vacate the default judgment against Stanley Steemer. Please do so by September 9. Otherwise, we will be forced to file a motion to vacate the default judgment and seek sanctions under Rule 11.

Thank you for your attention to this matter.

Sincerely,

Wilson Elser Moskowitz Edelman & Dicker LLP

Rachel Tallon Reynolds

Rachel Tallon Reynolds
Dirk Muse
Natasha A. Fingar

cc: RoryCosgrove

# EXHIBIT 2

HAGENS BERMAN

**Ryan Pittman**

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WA 98101

**hbsslaw.com**

September 9, 2025

**VIA EMAIL:**

Rachel T. Reynolds
Wilson Elser Moskowitz Edelman & Dicker LLP
520 Pike Street, Suite 520
Seattle, Washington 98101

**Re: Bailey Gonzalez v. Stanley Steemer**

Counsel:

Thank you for your letter, dated September 8, 2025. This is the first time we have **ever** heard from Stanley Steemer, or any attorney on its behalf.

Stanley Steemer was properly served with the Summons and Complaint on December 26, 2024. We **never** received a Notice of Appearance or an Answer. Ever.

The rules a clear. A party “must serve an answer within 21 days after being served with the summons and complaint.” Fed. R. Civ. P. 12(a)(1).

As a courtesy, we waited 29 days, far more than required, before filing a Motion for Default.

On July 3, 2025, Judge Lin entered a Judgment in favor of Bailey Gonzalez for $5,185,673.46.

Stanley Steemer had 28 days to file a motion alter or amend the judgment, but did not. Stanley Steemer had 30 days from the entry of the final judgment to file a Notice of Appeal to the 9th Circuit, but did not.

Interest on the Judgment is mounting. Please let us know when Stanley Steemer will satisfy the Judgment.

Respectfully,

HAGENS BERMAN SOBOL SHAPIRO LLP

Ryan Pittman

RP:joa