Judge Tana Lin

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| B.G., a minor, by and through her parent and legal guardian, Tiffany St. John,<br>Plaintiff,<br>v.<br>Stanley Steemer International, Inc.,<br>Defendant. | CIVIL ACTION NO. 2:24-CV-2105-TL<br><br>DECLARATION OF D. RYAN JANKOWSKI IN SUPPORT OF DEFENDANT STANLEY STEEMER INTERNATIONAL, INC.'S MOTION TO VACATE DEFAULT JUDGMENT UNDER RULE 60(b) |

I, D. Ryan Jankowski, declare:

1. I am over the age of 18 years. I am competent to testify. I have personal knowledge of the facts identified in this declaration.

2. I am the Vice President of Legal Affairs & Chief Administrative Officer of Stanley Steemer International, Inc. (*Stanley Steemer*). I have served as Vice President of Legal Affairs for Stanley Steemer since February 2003 and as Chief Administrative Officer since October 2011. In June 2023, when the car accident that is the subject of this lawsuit occurred, I held both of these positions and was responsible for overseeing legal and administrative matters for Stanley Steemer.

3. Stanley Steemer was served with Plaintiff's complaint at 2:49 PM Pacific

Docusign Envelope ID: 89ACAC97-23BD-4821-9C22-8FB244390745

Standard Time on December 26, 2024. That same day, I received a copy of the complaint from our registered agent for service of process at 3:15 PM Pacific Standard Time.

4. At 8:08 PM Pacific Standard Time on December 26, 2024, Stanley Steemer notified its insurance carrier, Continental Casualty Company (*Continental*), about Plaintiff's complaint and sent the complaint to Continental. Stanley Steemer believed that Continental would retain counsel to defend Stanley Steemer in this lawsuit, including by answering Plaintiff's complaint and engaging in discovery. This belief was based on the following facts, all of which derived from my review of records maintained and generated in the ordinary course of Stanley Steemer's business:

a. The car accident at issue occurred on June 16, 2023, at about 12:35 PM. Consistent with Stanley Steemer's standard-operating procedures, the incident was logged into Stanley Steemer's incident-reporting system around 1:15 PM that same day while a Stanley Steemer technician was still at the accident scene. After an internal investigation, Stanley Steemer reported the incident to Continental four days later on June 20, 2023. Continental confirmed receipt of the claim and opened a file on June 23, 2023. Photographs depicting Ms. St. John's Mercedes vehicle taken at the accident scene were saved in Stanley Steemer's files as part of its standard investigation of every accident involving a Stanley Steemer employee and its incident-reporting system. Those pictures are embedded below:

Docusign Envelope ID: 89ACAC97-23BD-4821-9C22-8FB244390745










b. The terms of Stanley Steemer's policy with Continental provide that liability coverage is written on a "no deductible," "no self-insured retention" basis, under which Continental holds the contractual right and duty to appoint counsel and to direct Stanley Steemer's defense. Under the policy, any defense costs unilaterally incurred by Stanley Steemer without Continental's consent, including retaining counsel, are not covered. Attached as **Exhibit 1** is a true and accurate copy of pertinent excerpts of Stanley Steemer's applicable insurance policy with Continental.

c. Upon receipt of the claim on June 23, 2023, Continental engaged directly with Plaintiff and Plaintiff's counsel. Continental successfully resolved Plaintiff's property-damage claim and continued to advise Stanley Steemer about its efforts to resolve Plaintiff's personal-injury claim. At no time did Stanley Steemer ever communicate directly with Plaintiff or her counsel. Instead, Continental handled all communications with Plaintiff and her counsel.

d. When Stanley Steemer was served with Plaintiff's complaint on December 26, 2024, Stanley Steemer immediately forwarded it to Continental. Stanley Steemer reasonably believed consistent with the policy terms that Continental would retain counsel to defend Stanley Steemer, including by answering Plaintiff's complaint. Several circumstances reinforced Stanley Steemer's belief. For instance, by late December 2024, the claim had already been open for over a year; Continental had directly communicated with Plaintiff's counsel numerous times; and Continental had kept Stanley Steemer apprised of all negotiations and settlement discussions.

e. This belief was also consistent with Stanley Steemer's longstanding course of dealing with Continental. Since January 2022, Stanley Steemer has tendered hundreds of automobile and liability claims to Continental. In every instance, Continental appointed defense counsel and assumed responsibility for defending Stanley Steemer's interests. This

Docusign Envelope ID: 89ACAC97-23BD-4821-9C22-8FB244390745

case is the first instance where Continental did not appoint counsel for Stanley Steemer. At no time did Continental ever advise Stanley Steemer that it consented to Stanley Steemer's retaining its own counsel or that Stanley Steemer should retain its own counsel to answer Plaintiff's complaint.

f. For example, in August 2024, when Stanley Steemer was sued in a personal-injury/vehicle-collision case in *Harley Gonzalez v. James Vanya and Stanley Steemer International, Inc.*, No. 2024CI15981, filed in the 73rd District Court of Bexar County, Texas, Continental promptly appointed defense counsel, who filed an answer and undertook discovery on Stanley Steemer's behalf.

g. Likewise, in October 2024, when Stanley Steemer was served with a complaint in *Dionne Watkins v. Deandre L. Howard and Stanley Steemer International, Inc.*, No. 2024L010794, a motor-vehicle-accident case filed in the Circuit Court of Cook County, Illinois, Continental again retained counsel to defend Stanley Steemer. These cases illustrate the consistent pattern and practice that led Stanley Steemer to reasonably believe that Continental would respond in the same manner here.

5. Stanley Steemer uses PACER-based docket monitoring tools to monitor cases it is involved in. Stanley Steemer runs PACER Case Locator searches, covering the federal dockets, on a quarterly basis for parties including the name *Stanley Steemer* and *Stanley Steamer*. Stanley Steemer conducts these searches to generate a pending "Litigation Report," which identifies all pending lawsuits in which Stanley Steemer is a party. This has been Stanley Steemer's standard-operating procedure for more than 20 years. Despite use of these tools, this lawsuit did not surface on a Litigation Report because the Court's CM/ECF party record contains a clerical misspelling of Defendant's name, listing it as "Stanely Steemer International Inc.," instead of "Stanley Steemer International Inc."

**2:24-cv-02105-TL** St. John v. Stanley Steemer International Inc
Tana Lin, presiding
**Date filed:** 12/19/2024
**Date of last filing:** 07/03/2025

## Parties

| | | |
|---|---|---|
| **Tiffany St. John**<br>Parent and legal guradian of<br><br>*Added: 12/19/2024*<br>*(Plaintiff)* | represented by | **David P Moody**<br>HAGENS BERMAN SOBOL SHAPIRO LLP (WA)<br>1301 2ND AVENUE<br>STE 2000<br>SEATTLE, WA 98101<br>206-623-7292<br>206-623-0594 (fax)<br>davidm@hbsslaw.com<br>*Assigned: 05/01/2025*<br>*ATTORNEY TO BE NOTICED*<br><br>**Ryan T Pittman**<br>HAGENS BERMAN SOBOL SHAPIRO LLP (WA)<br>1301 2ND AVENUE<br>STE 2000<br>SEATTLE, WA 98101<br>206-623-7292<br>ryanp@hbsslaw.com<br>*Assigned: 12/19/2024*<br>*ATTORNEY TO BE NOTICED* |
| **Stanely Steemer International Inc**<br>*Added: 12/19/2024*<br>*(Defendant)* | | |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/12/2025 11:47:06 | | | |
| **PACER Login:** | drjankowski | **Client Code:** | s |
| **Description:** | Party List | **Search Criteria:** | 2:24-cv-02105-TL |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

6. This material misspelling prevented the matter from appearing in PACER searches using the correct spelling and caused the absence of an earlier alert about the default order and judgment.

7. Stanley Steemer first discovered the default when it was served with this Court's order on motion for default judgment on August 8, 2025. Attached as **Exhibit 2** is a true and correct copy of the service of process transmittal summary for that order. At no point before this date did Plaintiff or her counsel indicate to Stanley Steemer that they intended to move for default or otherwise notify Stanley Steemer that they sought default.

8. On August 8, 2025, immediately on learning of the default judgment, Stanley Steemer contacted Continental. Continental retained defense counsel to represent Stanley Steemer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Docusign Envelope ID: 89ACAC97-23BD-4821-9C22-8FB244390745

Signed at Dublin, Ohio, this 11th day of September, 2025.

By: DocuSigned by: 1BCDD582AADC44E...
D. Ryan Jankowski