Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| B.G., a minor, by and through her parent and legal guardian, TIFFANY ST. JOHN,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY STEEMER INTERNATIONAL, INC.<br><br>Defendant. | CIVIL ACTION NO. 2:24-CV-2105-TL<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO VACATE**<br><br>NOTED ON MOTION CALENDAR: **OCTOBER 3, 2025** |



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........................................ 1

II. STATEMENT OF FACTS ........................................ 2

A. The Summons Issued by this Court and Rule 12 Require an Answer. ........................................ 3

B. Because Defendant does not Appear, this Court Established Damages ........................................ 4

C. Stanley Steemer Appears After Receiving Notice of Default Judgment ........................................ 5

III. LEGAL AUTHORITY AND ARGUMENT ........................................ 5

A. Stanley Steemer's Culpable Conduct is Responsible for the Default ........................................ 5

1. Defendant is a sophisticated, experienced litigant. ........................................ 7

2. Defendant could have benefitted through its failure to respond. ........................................ 8

B. This Court May Deny Defendant's Motion to Vacate Based on Culpability Alone ........................................ 9

C. Defendant Fails to Set Forth a Meritorious Defense ........................................ 10

1. Bailey's prior history of concussions does not reduce her damages ........................................ 11

2. Defendant believes Bailey will earn less because she is a woman. ........................................ 12

3. Dr. Urquiza provides the basis for Bailey's treatment. ........................................ 13

D. Communication by a Non-Party Prior to Filing the Complaint is not an Appearance ........................................ 14

IV. CONCLUSION ........................................ 15




HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*American Ass'n of Naturopathic Physicians v. Hayhurst*,
227 F.3d 1104 (9th Cir. 2000) ....................9

*Beckman ex rel. Beckman v. State, Dep't of Soc. & Health Servs.*,
102 Wn. App. 687, 11 P.3d 313 (2000) ....................8

*Benny v. Pipes*,
799 F.2d 489 (9th Cir. 1986) ....................5

*Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*,
375 F.3d 922 (9th Cir. 2004) ....................5, 9

*Gregorian v. Izvestia*,
871 F.2d 1515 (9th Cir. 1989) ....................5

*Hernandez-Rivera v. Immigration & Naturalization Service*,
630 F.2d 1352 (9th Cir.1980) ....................5

*Jordan v. Atchison, Topeka & Santa Fe Ry. Co.*,
934 F.2d 225 (9th Cir. 1991) ....................11

*Meadows v. Dominican Republic*,
817 F.2d 517 (9th Cir. 1987) ....................5, 6, 8

*Pena v. Seguros La Comercial, S.A.*,
770 F.2d 811 (9th Cir. 1985) ....................5

*Rodgers v. Watt*,
722 F.2d 456 (9th Cir.1983) ....................5

*Selph v. Council of City of Los Angeles*,
593 F.2d 881 (9th Cir.1979) ....................5

*Sims v. Midland Funding LLC*,
No. C20-1230 TSZ, 2021 WL 1546135 (W.D. Wash. Apr. 20, 2021) ....................13

*TCI Group Life Ins. Plan v. Knoebber*,
244 F.3d 691 (9th Cir. 2001) ....................5, 7, 9

*United States v. Alpine Land & Reservoir, Co.*,
984 F.2d 1047 (9th Cir. 1993) ....................5

*Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*,
752 F. App'x 406 (9th Cir. 2018) ....................9, 10



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## OTHER AUTHORITIES

Fed R. Civ. P. 12 .......... 2, 3

Rule 60(b) .......... 5



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

***"You cannot escape the responsibility of tomorrow by evading it today."***

***- Abraham Lincoln***

## I. INTRODUCTION

The rules in this Court are clear.

This Court issues a Summons that must be served with each complaint. The Summons is one page, clearly written and impossible to misinterpret. The Summons provides the instructions and explains the consequences: file an Answer within 21 days or face default judgment ("If you fail to respond, judgment by default will be entered against you…").

Defendant Stanley Steemer ("Defendant") admits that it was served with Plaintiff Bailey Gonzalez's ("Bailey's") Summons and Complaint on December 26, 2024. Despite actual knowledge of the lawsuit, this legally sophisticated corporation with in-house counsel, risk managers and compliance analysts chose not to respond.

Defendant failed to confirm receipt of an email that it sent to its insurer and never followed up. Defendant—a sophisticated corporation with in-house counsel and a history of responding to hundreds of lawsuits—ignored its responsibilities.

189 days after Defendant was served, Bailey moved for default judgment. Bailey provided three expert reports and three declarations establishing special and general damages which resulted from the rear-end collision Stanley Steemer caused.

On July 3, 2025, this Court issued a 16-page Order analyzing the evidence and entering Judgment in favor of Bailey. Dkt. No. 18.

**Now, Defendant wants a do-over**.

In addition to having no excuse for its delay, Defendant is unable to provide a meritorious defense. Defendant admits liability and fails to present any evidence contradicting Bailey's injuries.

Defendant's Motion to Vacate provides no expert testimony and no declarations contradicting Bailey's treatment. Defendant seeks to vacate this Default Judgment on the possibility a jury *could* award less.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

A Default Judgment is the consequence for ignoring a federal lawsuit. This Court was clear about that. Dkt. No. 5. Because Stanley Steemer has no reasonable excuse for the default (and no meritorious defense), this Court's July 3, 2025 entry of Default Judgment should stand.

## II. STATEMENT OF FACTS

On December 19, 2024, Bailey filed a Complaint for Damages.[1] The Complaint alleged that, on June 16, 2023, Defendant caused a rear end car collision with Bailey's vehicle.[2] The Complaint alleges economic and non-economic damages caused by the collision.

On December 26, 2024, Defendant was served with a copy of the Complaint and Summons.[3] It is not disputed that Defendant received actual notice of the Summons and Complaint.[4]

Through the Declarations of Stanley Steemer's VP of Legal Affairs D. Ryan Jankowski, Continental Insurance adjuster Jaime Heim, and the exhibits provided, at least five of Defendant's employees knew about this lawsuit:

- Vice President of Legal Affairs;
- Executive Vice President;
- A compliance analyst; and
- Two risk managers.[5]

There is no evidence that Defendant followed up with its insurer at any time, never confirmed its insured received its initial email, and did not do anything else to ensure that Defendant retained counsel or filed an Answer.[6]

Rule 12(a) requires Defendant to file and serve its Answer within 21 days of service of the Summons and Complaint. Defendant's Answer was due on January 16, 2025. Defendant did not file a Notice of Appearance, nor did it file an Answer as required by this Court.[7]

---

[1] Dkt. No. 16 at ¶ 4.
[2] *Id.*
[3] *Id*. at ¶ 5, Dkt. No. 11.
[4] Dkt. No. 26 at ¶¶ 2-4.
[5] Dkt. No. 24-1 at p. 25 and Dkt. No. 26-1 at p. 7.
[6] *See generally* Dkt. No. 26-1.
[7] Dkt. No. 16 at ¶ 6.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**A. The Summons Issued by this Court and Rule 12 Require an Answer.**

Under Fed R. Civ. P. 12(1)(A)(i) – a "defendant **<u>must serve an answer: (i) within 21 days after being served with the summons and complaint</u>**."

Fed R. Civ. P. 12's requirements are set forth in the Summons which was issued by this Court:[8]

> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — <u>you must serve on the plaintiff an answer to the attached complaint</u> or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,

The Summons is an instruction manual. It tells the recipient what to do, when to do it by, and what will happen if the defendant fails to comply:[9]

> <u>If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.</u> You also must file your answer or motion with the court.
>
> CLERK OF COURT
>
> Date: 12/23/2024
>
> Signature of Clerk or Deputy Clerk
>
> UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON

**<u>This mandate comes directly from this Court</u>.** Defendant ignored it.

- On December 26, 2024, Defendant received the Summons and Complaint.[10]
- On January 16, 2025, Defendant was required to file an Answer.
- On January 24, 2025, Bailey moved for default under LCR 55(a).[11]

---

[8] Dkt. No. 5.
[9] *Id.*
[10] Dkt. 26-1.
[11] Dkt. Nos. 10-11.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**B. Because Defendant does not Appear, this Court Established Damages**

On January 29, 2025, this Court entered an Order of Default against Defendant.[12] Included in the January 29, 2025 Order, Judge Lin ordered that, "Plaintiff shall have ninety (90) days from the date of this Order to move for default judgment or other relief."[13]

This was a significant deadline because this Court also warned that failure to move for Default Judgment within 90 days could result in dismissal.[14] In other words, Bailey was required to move quickly – and she did.

Bailey submitted evidence from three experts, each of whom conducted in-person assessments. Bailey also provided testimony from two fact witnesses detailing the physical and emotional toll of Bailey's injuries, and a Declaration by a third-party attorney addressing the reasonableness of the damages.[15]

The evidence established that the June 16, 2023 collision caused extensive injuries, including a mild traumatic brain injury ("mTBI"), concussions, back/neck pain and PTSD. The accident ended Bailey's soccer career, reduced her earning capacity, and profoundly derailed her positive outlook.[16]

On July 3, 2025 (168 days after Defendant's deadline to file its Answer), this Court issued an Order granting Bailey's Motion for Default Judgment.[17]

In support of the Default Judgment, this Court issued a 16-page ruling which addressed each of the seven *Eitel* factors and analyzed the opinions of Bailey's experts.

This Court did not "rubber-stamp" Bailey's proposed order or grant the entirety of the damages claimed by Bailey. In fact, as part of its detailed analysis, this Court reduced the damages requested by $690,000.[18]

---

[12] Dkt. No. 12.
[13] Dkt. No. 13.
[14] *Id.*
[15] Dkt. No. 15.
[16] *Id.*
[17] Dkt. No. 18.
[18] *Id.*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**C. Stanley Steemer Appears After Receiving Notice of Default Judgment**

On September 8, 2025, Defendant contacted Bailey for the first time -- 256 days after service and 64 days after this Court's Default Judgment.[19]

Defendant's September 8, 2025 letter offered no justifiable excuse for its failure to comply with this lawsuit or this Court's rules. It provided no evidence contradicting liability for the rear-end collision, nor did it proffer any expert testimony challenging Bailey's claimed injuries. Instead, Defendant threatened sanctions if Bailey did not agree to vacate the Default Judgment, a heavy-handed maneuver that defense counsel chose not to share with this Court when filing this motion.[20]

## III. LEGAL AUTHORITY AND ARGUMENT

"In this circuit, a district court has discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside; (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989).

"**There is a compelling interest in the finality of judgments which should not lightly be disregarded**." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983); *see also United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *Hernandez-Rivera v. Immigration & Naturalization Service*, 630 F.2d 1352, 1354 (9th Cir.1980); *Selph v. Council of City of Los Angeles*, 593 F.2d 881, 882 (9th Cir.1979)).

**A. Stanley Steemer's Culpable Conduct is Responsible for the Default**

"A defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and failed to answer." *Gregorian*, 871 F.2d at 1523; *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987); *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985); *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986).

---

[19] Declaration of Ryan Pittman in Support of Plaintiff's Response ("Pittman Dec.") at ¶¶ 2-4. **Attachment 1**.

[20] *Id.*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

The Ninth Circuit upholds default judgments where "**[t]he entry of default and the default judgment were squarely within [the defendant's] control**" and where the defendant "received actual notice of both the action and [the plaintiff's] intent to pursue it." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

On December 26, 2024, Defendant received actual notice of the Summons and Complaint. This is admitted. In a declaration from D. Ryan Jankowski, Vice President of Legal Affairs and Chief Administrative Officer for Defendant, Mr. Jankowski admits that Defendant received a copy of the Complaint and immediately notified its insurance carrier.[21]

Missing from Mr. Jankowski's declaration are any other attempts to ensure that Continental Insurance or Defendant hired an attorney or defended this case. At least five of Defendant's employees knew about this lawsuit: (1) Vice President of Legal Affairs D. Ryan Jankowski; (2) Executive Vice President Philp Ryser; (3) compliance analyst Michael Noffsinger; risk managers (4) Michelle Middendorf; and (5) Craig Smith.[22] No one followed up.[23]

Mr. Jankowski claims Defendant uses PACER to check for lawsuits.[24] This is irrelevant. PACER helps find unknown lawsuits. **Defendant knew about this lawsuit**. Defendant knew the case name, case number, and the court information. Defendant received the Complaint and Summons.

After service, Mr. Jankowski sent one email (to an insurance company that has no relationship with Bailey or this Court) then did nothing. No follow-up calls. No status requests. Not anything. For 189 days, Defendant ignored this lawsuit.

Defendant cannot establish lack of culpability. Beyond one email to its insurer, Defendant provides no evidence explaining its failure to comply with this Court's rules.

---

[21] Dkt. 26 at ¶¶ 2-4.
[22] Dkt. 24-1 at p. 25 and Dkt. 26-1 at p. 7.
[23] *See generally* Dkt. No. 26-1.
[24] *Id.* at ¶ 5.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**1. Defendant is a sophisticated, experienced litigant.**

In assessing culpability, The Ninth Circuit has "tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination …." *Meadows*, 817 F.2d at 522.

In *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, the Ninth Circuit denied the defendant's motion to vacate default judgment where defendant had actual notice of the summons and complaint and was aware of the risk of ignoring its legal obligations:

> It is apparent that [defendant], through its president, Mr. Bujkovsky, **had actual notice of the summons and complaint at the latest a day after it was served**. Mr. Bujkovsky, as a lawyer, presumably was **well aware of the dangers of ignoring service of process**.

840 F.2d 685, 690 (9th Cir. 1988).

In *Castro v. C&C Verde LLC*, the Ninth Circuit denied the defendant's motion to vacate default judgment where the defendant had an extensive history of dealing with similar litigation and failed to answer the complaint:

> Appellants, **who had previously consulted with counsel in relation to similar litigation,** are **legally sophisticated parties** who had constructive or actual notice of Castro's complaint **and failed to answer**.

No. 23-15488, 2024 WL 5494392, at *1 (9th Cir. Mar. 28, 2025).

Conversely, where the defaulted party is unsophisticated, the Ninth Circuit provides much greater leeway. In *TCI Grp. Life Ins. Plan v. Knoebber*, the Ninth Circuit found there was not sufficient culpability where the individual defendant, Janet Knoebber, was an unsophisticated person who did not hire or consult with an attorney until after the default judgment was granted. 244 F.3d 691, 699 (9th Cir. 2001) (due to "exigent personal circumstances, especially her mental state, and because of her lack of familiarity with legal matters, Janet's failure to answer was not culpable.").

**Defendant fits the definition of a sophisticated party**. Stanley Steemer is a large, national corporation with risk management and legal departments and a longstanding history of responding to "hundreds of automobile and liability claims[.]"[25]

[25] Dkt. No. 26 at ¶ 4(b-e).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

There is also no dispute that Mr. Jankowski himself is highly sophisticated. Mr. Jankowski is a lawyer with over 22 years of experience and is keenly aware of the consequences of ignoring a Summons and Complaint:[26]


Ryan Jankowski · 3rd
Vice President of Legal Affairs & CAO at Stanley Steemer International, Inc.

Experience

Vice President of Legal Affairs & Chief Administrative Officer
Stanley Steemer International, Inc.
Feb 2003 - Present · 22 yrs 8 mos

Defendant was served with the Summons and Complaint, had actual knowledge of this lawsuit, was legally sophisticated, and appreciated the consequences of failing to answer.[27] Unlike an unsophisticated party, who might misunderstand their legal obligations, Defendant knew exactly what it was doing—and chose to do nothing. To the extent Defendant is angry with its insurance carrier, that is not Bailey's problem, nor is it germane.

**2. Defendant could have benefitted through its failure to respond.**

Where sophisticated defendants fail to engage in the legal process, Courts find that their failure to respond is culpable because it was a strategic decision to obtain an advantage:

> "Absent some explanation … it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer **appreciate the consequences of failing to answer and do so only if they see some advantage to themselves**."
>
> *Meadows*, 817 F.2d at 522.

---

[26] https://www.linkedin.com/in/ryan-jankowski-52aba310/ (last accessed September 19, 2025).

[27] In *Beckman v. DSHS*, the Washington State Court of Appeals found that lack of office procedures is no excuse to a parties failure to comply with the Court's rules: "The Attorney General's office lacked office management procedures that could have prevented what occurred here. It is incumbent upon any attorney to institute internal office procedures sufficient to assure that judgments are properly dealt with once they are delivered into the custody of office personnel subject to the control of counsel. The failure to take necessary steps … is not an acceptable excuse." *Beckman ex rel. Beckman v. State, Dep't of Soc. & Health Servs.*, 102 Wn. App. 687, 696, 11 P.3d 313, 317 (2000) (upholding a $17.8 Million judgment because the State of Washington failed to file a timely notice of appeal).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Following *Meadows*, this Court could find that the Defendant's failure to respond reflected its knowledge of the consequences and potential advantage in failing to answer. Here, Defendant could have gained an advantage if Bailey failed to comply with this Court's 90-day deadline to file a Motion for Default Judgment:[28]

> **Docket Text:**
> **MINUTE ORDER (text only) made at the direction of Judge Tana Lin: On January 29, 2025, upon Plaintiff's motion, the Clerk of the Court entered default against Defendant, Dkt. No. [12]. Accordingly, it is hereby ORDERED Plaintiff shall have ninety (90) days from the date of this Order to move for default judgment or other relief. Absent such action, the Court may dismiss this case for failure to prosecute. (KMP)**

If Bailey missed this deadline, Defendant would avoid any liability. If Bailey failed to gather sufficient evidence in time, damages could have been significantly less. Either way, Defendant could have benefited by sitting back and doing nothing.

### B. This Court May Deny Defendant's Motion to Vacate Based on Culpability Alone

This Court is on solid ground and the denial of this Motion to Vacate will not be reversed on appeal. "Even if the other relevant factors—the merits of the defendant's defenses and the prejudice to the plaintiff—would favor setting aside a default judgment, we have held that 'the trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default.'" *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000) (quoting *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991))

"We need not consider [merits of the defense or prejudice] because, as explained below, the defendant's culpable conduct was responsible for the entry of the default judgment in this case." *Direct Mail Specialists, Inc.*, 840 F.2d at 690 (9th Cir. 1988) (citing *Meadows*, 817 F.2d at 521; *Pena*, 770 F.2d at 815; *Benny*, 799 F.2d at 494).

---

[28] Dkt. No. 13.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**C. Defendant Fails to Set Forth a Meritorious Defense**

"To justify setting aside the entry of default, the movant 'ha[s] to present the district court with specific facts that would constitute a defense. ... A mere general denial without facts to support it is not enough to justify vacating a default or default judgment.'" *Akkelian*, 833 F. App'x 467, 468 (9th Cir. 2021) (quoting *Franchise Holding*, 375 F.3d at 926). A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Franchise Holding II, LLC.*, 375 F.3d at 926.

"Satisfying the meritorious defense requirement is particularly important because '[i]f ... the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening judgment.'" *Akkelian*, 833 F. App'x at 468.

The Ninth Circuit has held that "[t]o justify vacating the default judgment, [the defendant] had to present the district court **with specific facts that would constitute a defense**." *Franchise Holding II, LLC.*, 375 F.3d at 926 (9th Cir. 2004). "A 'mere general denial' regarding the extent of the deficiency owed 'is not enough to justify vacating a default or default judgment'" *Id.; TCI Grp. Life Ins. Plan*, 244 F.3d at 700 ("A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.").

Attempts to poke holes in the evidence provided by Bailey is not enough. In *Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp*, the Ninth Circuit denied the defendant's motion to vacate the default judgment where it failed to provide its own evidence sufficient to state a meritorious defense. The Ninth Circuit specifically found that mere attempts to question the evidence provided by the plaintiff was insufficient:

> Finally, defendants fail to assert a meritorious defense to the size of the default judgment award. The district court determined that **the declaration of [plaintiff's] legal collection specialist and the billing statement generated by [plaintiff] constituted proof sufficient to support [plaintiff's] requested damages.**
>
> **Defendants' challenge to the sufficiency and reliability of that evidence does not amount to a meritorious defense**.

*Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*, 752 F. App'x 406, 408 (9th Cir. 2018) (internal quotations omitted).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Defendant's claims of a "meritorious defense" are unspecific and without support. Like the defendant in *Zurich*, Defendant attacks Bailey's evidence without providing its own.[29] Three experts conducted in-person examinations of Bailey. Each expert considered her prior medical history. Each based his/her opinions on in-person evaluations, professional expertise, and decades of experience.

Defendant casually "questions" Bailey's prior history of concussions, wage loss claim, and alcohol and drug rehabilitation treatment. Defendant does not provide its own evidence to challenge Bailey's damages. Its 'defense' merely suggests that a jury might award less. In *Zurich*, the Ninth Circuit rejected this lazy, cavalier approach.

**1. Bailey's prior history of concussions does not reduce her damages.**

Defendant does **not** suggest that Bailey did not receive a concussion or other physical injuries stemming from this accident. Instead, Defendant points out that Bailey suffered sports-related concussions prior to the accident.

First, this defense is in stark contrast to established law, often referred to as the "eggshell plaintiff" rule:

> It is a well-settled principle of tort law that when a defendant's negligence causes an injury to a plaintiff, the defendant is liable for the resulting damage to the plaintiff, even though the plaintiff had a preexisting condition that made him more susceptible to injury or made the consequences to him more severe.

*Jordan v. Atchison, Topeka & Santa Fe Ry. Co.*, 934 F.2d 225, 228–29 (9th Cir. 1991).

Second, Dr. Virtaj Singh, MD[30] addresses Bailey's prior concussions, distinguishes them, and notes that Bailey was asymptomatic at the time Defendant caused a rear-end collision into Bailey:

> **Pre- and Post-Existing Conditions (Including Comprehensive Chart Review)**
> Prior to the collision in question, she reports no history of prior motor vehicle collisions, denies any history of pre-existing headaches, and denies prior neck/mid-back or low back pain or injuries. She does report that she had 4 prior concussions related to playing soccer. The first three lasted for about a "week or two" before she made a full recovery. The most recent prior concussion was in 2021 when she fell and hit her head without loss of consciousness. This one lasted a "few months," but she made a full recovery and was asymptomatic at the time of the collision.

[29] See Dkt. 22 at p. 11, 12.

[30] Dr. Singh is a board-certified psychiatrist with a specialty in pain medicine and is a Clinical Assistant Professor at the University of Washington, Department of Rehabilitation Medicine.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Dr. Singh found that the following injuries **were caused by the motor vehicle collision**:

> **ASSESSMENT (On a more probable than not basis related to the motor vehicle collision of 06/16/23, unless otherwise noted.)**
>
> 1. **Concussion/mild traumatic brain injury with persistent post-concussive symptoms.**
> 2. **Chronic cervical spine injury, probable primary sprain-type injury with probable primary injuries to the bilateral upper and mid-cervical facet joints.**
> 3. **Post-traumatic headaches, probable combination of cervicogenic and post-concussive headaches.**
> 4. **Chronic thoracic spine injury, probable primary sprain-type injury with probable primary injury to the bilateral T2-3 and T12-L1 facet joints.**
> 5. **Chronic lumbosacral spine injury, probable primary sprain-type injury with probable primary injury to the L3-4, L4-5, and L5-S1 facet joints.**
> 6. **Probable combination of Post-Traumatic Stress Disorder (PTSD) and Major Depressive Disorder (MDD) with Anxiety, likely an aggravation of a pre-existing condition.**

Dr. Singh evaluated Bailey's prior sports-related concussions, found her asymptomatic before the collision, and attributed her current injuries directly to Defendant's negligence. Defendant offers no contrary expert testimony—only speculation.[31]

**2. Defendant believes Bailey will earn less because she is a woman.**

Defendant states that it has a meritorious defense to Bailey's claimed damages because Bailey – as a woman – should earn less than a man based on the same hours worked and same educational attainment. This is a blend of stereotyping and sexism that lacks any specificity or respect for Bailey's uncommon grit and individualism.

Defendant's "meritorious" defense is a bunch of boilerplate pablum. Defendant fails to provide any specific evidence – through declaration, expert testimony, or any basis whatsoever – that Bailey's wage loss should be reduced.[32] Defendant does not even provide what Bailey's specific reduction of wage loss should be.

By contrast, Bailey provided a life care plan from Cloie Johnson. Ms. Johnson is a Board Certified Vocational Expert and Case Manager. She has been working in the field of vocational

---

[31] Dkt. No. 16-2.

[32] Evidence points to women outpacing men in educational attainment and, therefore, projected lifetime earnings. Moving forward, life care plans for women could reflect greater earnings than their male counterparts. *See e.g.* https://www.harvardmagazine.com/2025/05/harvard-men-gender-gap-education-employment; https://www.nytimes.com/2025/05/13/upshot/boys-falling-behind-data.html;



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

assessment and vocational rehabilitation counseling for over 38 years. Her opinions of Bailey's earning capacity are based upon her knowledge, training, experience, specialized knowledge and clinical judgment.[33]

Defendant fails to raise a meritorious defense regarding Bailey's lost wage claim.

**3. Dr. Urquiza provides the basis for Bailey's treatment.**

Although Defendant admits that its vehicle rear-ending Bailey caused increased alcohol use, Defendant's attorneys have deemed this portion of Bailey's life care plan unnecessary. No declarations or expert testimony from a substance abuse counselor or child psychologist were submitted to provide a "meritorious defense."

Dr. Urquiza is a clinical psychologist and Professor Emeritus at the University of California, Davis School of Medicine. Dr. Urquiza led the CAARE Center at UC Davis Children's Hospital for over 35 years. He has evaluated thousands of children and young adults. Dr. Urquiza took Bailey's history into account and determined that Bailey's current mental health problems were a direct result of Defendant's collision:

> These injuries have had a devastating effect on her life – substantially altering her vision of being a happy and healthy young adult – and causing her to be in chronic pain and emotional turmoil…
>
> **It may be argued that Bailey's problems are due to other factors that have occurred in her life** … **The problems currently presented by Bailey** (i.e., neck and back pain, problems in concentration and focus, PTSD, Depression, Anxiety, loss of social supports, loss of opportunity to continue playing sports in college) **are highly consistent with her Stanley Steemer collision, and inconsistent with other adverse life events**…
>
> Therefore, it is stated that on a more probable than not basis, that **Bailey's current mental health problems** (as described in this evaluation report) **are directly related to her experience of being involved in a collision with a Stanley Steemer vehicle** – which substantially altered the trajectory of her life.[34]

Other than a general statement that the jury "could" award lesser amounts, the only specific challenge to Bailey's damages is the alcohol treatment recommended by Dr. Urquiza. Removing this treatment would reduce the award by less than 1%. Disputing under 1% of Bailey's life care

---

[33] Dkt. 16-6.

[34] Dkt. 16-4, at p. 17.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

plan proves this Court got damages right the first time.

Defendant fails the meritorious defense test. Every defendant could claim "a jury might award less" without providing evidence. The law demands more than lawyer speculation.

**D. Communication by a Non-Party Prior to Filing the Complaint is not an Appearance**

An informal appearance by a party requires an analysis of whether the defendant's actions were "designed to and, in fact, did apprise the plaintiff of the **defendants' intent to litigate the case**, at least '**after litigation was commenced**.'" *Sims v. Midland Funding LLC*, No. C20-1230 TSZ, 2021 WL 1546135, at *3 (W.D. Wash. Apr. 20, 2021) (quoting *Morin v. Burris*, 160 Wn. 2d 745, 755, 161 P.3d 956, 962 (2007)).

"[A] defendant must 'go beyond acknowledging that a *dispute* exists and instead **acknowledge that a dispute exists *in court*.**'" *Id.* (quoting *Morin*, 160 Wn. 2d at 755.).

Here, there was no communication from Defendant that it intended to litigate this case until Defendant's attorney reached out on September 8, 2025 – which was 256 days after Defendant was served with the Complaint.[35]

Bailey's attorneys did not speak with Defendant's insurance provider after filing the Complaint.[36] The filing of the Complaint quite obviously demonstrated Bailey's intention to litigate. This Court's Summons instructed Defendant on how it must appear.

Pre-lawsuit communications do not, and can not, acknowledge that a dispute exists **in court**. An appearance requires participation in the lawsuit itself -- informally or formally. Defendant did not appear until its September 8, 2025 letter.

Continental Insurance is not a party to this lawsuit – Defendant is. Whatever Continental did prior to the lawsuit is irrelevant. When Defendant was served on December 26, 2024, it had an obligation: **respond to the Complaint**. It chose not to.

---

[35] Dkt. No. 16, ¶ 10; Pittman Dec. at ¶¶ 2-4.
[36] *Id.*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## IV. CONCLUSION

This Court must deny Defendant's request to vacate this Court's July 3, 2025 Default Judgment. Defendant was culpable for ignoring this lawsuit for 189 days. It lacks a meritorious defense after admitting liability and presenting no specific facts challenging this Court's award of damages.

Defendant merely offers lawyer-arguments -- that Bailey deserves less because she is a female with prior injuries. These are not "meritorious" defenses -- they are attempts to escape the consequences of failing to comply with this Court's rules.

Bailey provided three expert reports and three declarations supporting damages. This Court issued a 16-page Order analyzing the evidence and applying the law.

This Court should deny Defendant's motion.

DATED this 29th day of September 2025.

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Ryan Pittman*
David P. Moody, WSBA No. 22853
Ryan Pittman, WSBA No. 57560
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: davidm@hbsslaw.com
ryanp@hbsslaw.com

*Attorneys for Plaintiff*

*I certify that this memorandum contains 4,195 words, in compliance with the Local Rules.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I caused the foregoing document (and all documents filed herewith) to be electronically filed with the Clerk of the Court and served on all parties or their counsel of record as follows:

**VIA EMAIL:**

Rachel T. Reynolds
Dirk Muse
Natasha Fingar
Wilson Elser Moskowitz Edelman & Dicker LLP
520 Pike Street, Suite 2350
Seattle, WA 98101

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 29th day of September 2025 at Seattle, Washington.

JeannieBeth Asuncion, Paralegal



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX