Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

B.G., a minor, by and through her parent and legal guardian, Tiffany St. John,

Plaintiff,

v.

Stanley Steemer International, Inc.

Defendant.

**CIVIL ACTION NO. 2:24-CV-2105-TL**

**(PROPOSED) ORDER DENYING DEFENDANT'S MOTION TO VACATE**

THIS MATTER came before the Court upon on Defendant's Motion to Vacate Default Judgment. The Court has considered the following:

1. Defendant's Motion to Vacate Default Judgment;
2. Declaration of D. Ryan Jankowski in Support of Defendant's Motion;
3. Declaration of Rachel Reynolds in Support of Defendant's Motion;
4. Declaration of Jaime Heim in Support of Defendant's Motion;
5. Declaration of Gary Enneking in Support of Defendant's Motion;
6. Plaintiff's Opposition to Motion to Vacate;
7. Declaration of Ryan Pittman in Support of Plaintiff's Opposition;
8. Defendant's Reply; if any, and
9. ________________________________.

The Court having reviewed the files and records makes these findings of fact and conclusions of law:



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## FINDINGS OF FACT

1. Defendant Stanley Steemer acknowledged receipt of Plaintiff's Complaint and the Court-issued Summons on December 26, 2024.

2. Following receipt of the Complaint and Summons, Stanley Steemer emailed its insurance carrier, Continental, requesting coverage under the terms of its insurance policy.

3. After sending an email to Continental, Defendant did not make further efforts to ensure that Defendant would respond to Plaintiff's Complaint.

4. Based on the declarations filed with this Court:

   a. Defendant did not verify that Continental received its email containing Plaintiff's Complaint;

   b. Continental did not acknowledge receipt of Stanley Steemer's email regarding Plaintiff's Complaint;

   c. Defendant never requested a status report;

   d. Defendant never followed up with Continental;

   e. Defendant never looked up this lawsuit;

   f. Defendant never filed a Notice of Appearance; and

   g. Defendant took no other action specific to this lawsuit, for which it had actual knowledge.

5. Defendant's Answer was due on January 16, 2025.

6. On January 24, 2025, Plaintiff filed for Default (Defendant's Answer was 8 days late).

7. On April 29, 2025, Plaintiff filed for Default Judgment (Defendant's Answer was 103 days late).

8. On July 3, 2025, this Court granted Plaintiff's Motion for Default Judgment (Defendant's Answer was 168 days late).

9. On September 12, 2025, Defendant filed its Motion to Vacate Default Judgment (Defendant's Answer was 239 days late).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## CONCLUSIONS OF LAW

1. The Court may deny Defendant's Rule 60(b) motion to vacate a default judgment where its culpable conduct led to the default and it failed to provide a meritorious defense.

2. It should also be noted that "[t]here is a compelling interest in the finality of judgments which should not lightly be disregarded." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983).

3. Courts in the 9th Circuit have found that a defendant's failure to file an Answer were culpable where: (1) it received actual notice of the filing of the action, and (2) failed to respond to the Complaint and where "[t]he entry of default and the default judgment were squarely within [the defendant's] control." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004); *see also Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989).

4. Here, Defendant's conduct was culpable. Defendant had actual notice of Plaintiff's Complaint on December 26, 2024 and failed to respond.

5. Defendant acknowledges that it is very familiar with the legal process and its duties to comply with the Court's rules. Despite this knowledge, Defendant failed to take part in the legal proceedings.

6. Defendant also fails to set forth a meritorious defense.

7. Defendant admits liability.

8. Defendant's only challenge to the Default Judgment is to the damages awarded. Defendant must present specific facts to support a meritorious defense. Defendant failed to do so. A challenge to the reliability of the evidence provided by Plaintiff – without more – is insufficient.

9. On July 3, 2025, the Court found that Plaintiff had provided sufficient evidence, through expert reports and declarations, and awarded damages.

10. Because Defendant was culpable and failed to raise a meritorious defense, the Court will not vacate its July 3, 2025 Order (Dkt. No. 18).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## ORDER

It is hereby **ORDERED**:

1. Defendant's Motion to Vacate Default Judgement is **DENIED**;
2. The Court's July 3, 2025 Order entering Default Judgment shall not be vacated.
3. Within 30 days of this Order, Defendant shall satisfy Judgment in the amount of $5,185,673.46, plus all interest accrued since July 3, 2025.

DONE IN OPEN COURT this ___ day of _____________ 2025.

________________________________
The Honorable Tana Lin

Presented by:

HAGENS BERMAN SOBOL SHAPIRO LLP
Attorneys for Plaintiff

By: /s/*Ryan Pittman*
David P. Moody, WSBA No. 22853
Ryan Pittman, WSBA No. 57560



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX