Hon. Tana Lin

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| B.G., a minor, by and through her parent and legal guardian, Tiffany St. John,<br>Plaintiff,<br>v.<br>Stanley Steemer International, Inc.,<br>Defendant. | CIVIL ACTION NO. 2:24-CV-2105-TL<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT AND DEFAULT JUDGMENT UNDER RULE 55(c) AND RULE 60(b)<br><br>**NOTE ON MOTION CALENDAR: OCTOBER 3, 2025**<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Plaintiff's opposition makes this Court's task much easier. Plaintiff submitted no rebuttal evidence. Plaintiff challenged no evidence that Stanley Steemer submitted to support why the entry of default and default judgment should be vacated. All that evidence is now unrebutted and undisputed. And by not arguing prejudice, Plaintiff concedes she will not be prejudiced by reopening the case on the only disputed issues—causation and damages.

With that stage set, the undisputed evidence Stanley Steemer submitted compels vacation of the entry of default and default judgment. Under the controlling good-cause

standard, Stanley Steemer has established (1) no culpability for the default and (2) meritorious defenses to the disputed causation and damages elements of Plaintiff's negligence claim.

*First*, Stanley Steemer is not culpable because it did not intentionally fail to answer. Both pre- and post-suit, Stanley Steemer's representative indicated an intent to defend against—and resolve—Plaintiff's negligence claim:

- It repeatedly requested information about Plaintiff's alleged damages.
- It offered to fully settle Plaintiff's negligence claim in December 2024.
- And it repeatedly asked Plaintiff's counsel in 2025 to discuss its pending settlement offer.

Plaintiff ignored these communications. All this evidence is undisputed.

At most, Stanley Steemer made a mistake or committed excusable neglect. It timely tendered the defense of this case to its representative, Continental. It reasonably believed, consistent with their longstanding relationship, that Continental would retain counsel to defend it. Because of a mistake, that did not happen. But that unrebutted evidence comes nowhere close to showing, as required, that Stanley Steemer made a conscious choice not to defend itself.

*Second*, on meritorious defense, Plaintiff ignores the governing standard. Stanley Steemer need only plausibly allege sufficient facts to establish a meritorious defense on causation or damages. Stanley Steemer did exactly that. It presented post-collision photographs that suggest a minimal impact to Plaintiff's vehicle. For instance, no airbags deployed. Plaintiff walked away from the accident with alleged soft-tissue injuries, only. And Stanley Steemer identified deficiencies in Plaintiff's damages evidence, undercutting the nature and extent of Plaintiff's injuries and the amount of damages this Court awarded—nearly $5.2 million.

Plaintiff's opposition turns solely on Stanley Steemer's not submitting "merits" evidence. But Stanley Steemer need not provide rebuttal evidence on a plausibility standard. Nor could it without discovery. But even if it could, Plaintiff holds all the cards. For nearly

18 months, Stanley Steemer has repeatedly requested from Plaintiff's counsel all sources of information that support Plaintiff's alleged damages—the same records Plaintiff's experts reviewed. Plaintiff has ignored all these requests. Worse, when Stanley Steemer reiterated its request for this material information earlier this week, Plaintiff's counsel responded with this:



Ms. Fingar—
VIA E-MAIL
09/29/25

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

The Federal Court entered Judgment for $5,185,673.46. With interest, your client owes $5,304,221.34

September 29, 2025

Rachel Tallon Reynolds
206.709.5866 (direct)
206.669.0212 (mobile)
Rachel.T.Reynolds@wilsonelser.com

Dirk Muse
206.709.5878 (Direct)
[illegible]5.6541 (Cell)
Dirk.Muse@wilsonelser.com

Natasha A. Fingar
206.709.5888 (direct)
Natasha.Fingar@wilsonelser.com

Ryan Pittman
David P. Moody
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
davidm@hbsslaw.com
ryanp@hbsslaw.com

We are confident the Court will not vacate the Judgment,

Re: *B.G. v. Stanley Steemer*
Western District of Washington Civil Action No. 2:24-CV-2105-TL

Dear Mr. Pittman and Mr. Moody:

We write in response to your September 23, 2025 letter about the default judgment entered against Stanley Steemer last July.

This letter confirms that the $25,000 offer Stanley Steemer made to Plaintiff in November 2024 to fully resolve Plaintiff's negligence claim remains valid and open. To our knowledge, Plaintiff has not rejected that offer.

To the extent Plaintiff rejects that offer, Stanley Steemer reiterates its repeated requests since May 2024 for all information supporting Plaintiff's claimed damages. Please provide the following information to us as soon as possible:

1. All medical and billing records supporting Plaintiff's claimed special damages. According to Dr. Singh's clinical evaluation, which was submitted to support Plaintiff's motion for default judgment, he "was given over 1300 pages of records to review in this case." Stanley Steemer requests all records reviewed by Dr. Singh.

520 Pike Street, Suite 2350 | Seattle, WA 98101 | p 206.709.5900 | f 206.709.5901 | wilsonelser.com

Thank you,
David P. Moody

*Second Reynolds Decl.*, Ex. 4.

*Third*, Stanley Steemer informally appeared and was entitled to notice under Rule 55. Plaintiff offers no meaningful response. Again, ignored by Plaintiff, Stanley Steemer's representative contacted Plaintiff's counsel at least 40 times via email, telephone, and voicemail between June 2023 and June 2025. *Enneking Decl.* ¶¶ 6–11, 19–25. In those communications, its representative indicated an intent to defend against Plaintiff's claim.

Stanley Steemer does not seek a "do-over." *Opposition* at 1. It seeks an opportunity for the first time to defend itself. Because Stanley Steemer has established good cause, this Court should vacate the entry of default and default judgment.

## II. ARGUMENT

### A. Plaintiff challenges none of Stanley Steemer's evidence, meaning that evidence is unrebutted.

Stanley Steemer submitted four declarations to support its motion. That evidence explained the circumstances—both pre- and post-suit—that unfortunately led to a default judgment. Plaintiff contests none of the evidence Stanley Steemer submitted. That evidence is undisputed. And when viewed under the controlling good-cause standard, that evidence compels vacating the entry of default and default judgment.

### B. Stanley Steemer has established good cause.

Entry of default and default judgments must be vacated for good cause. That good-cause standard, which Plaintiff ignores, controls here. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). Courts consider three factors to assess good cause: (1) whether the defendant committed culpable conduct; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff would be prejudiced by reopening the case. *Id.* All three support Stanley Steemer.

#### 1. Plaintiff concedes she would not be prejudiced.

Plaintiff admits that this Court should consider prejudice. *Opposition* at 5. But she does not argue that vacating the entry of default and default judgment would prejudice her ability to

prosecute this case. *Id.* So that argument is waived. *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016). And this factor favors Stanley Steemer.

**2. The undisputed evidence reflects that Stanley Steemer's neglect in failing to answer was excusable.**

Instead of addressing Stanley Steemer's arguments, Plaintiff rotely cites black-letter law about responsive-pleading deadlines. But that is beside the point. No one disputes that Stanley Steemer failed to answer. The culpability issue turns on whether Stanley Steemer made a conscious choice not to answer. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).

Under Plaintiff's distorted view, when a defendant receives notice of a lawsuit and fails to answer, that alone constitutes culpability. *Opposition* at 5–6. But that is not the law. *See Knoebber*, 244 F.3d at 697. And for good reason: those circumstances—present in every Rule 60(b) post-judgment motion—would never justify relief.

Instead, a defendant need only show that it did not "intentionally fail[] to answer." *Id.* An intentional failure to answer means "willful, deliberate, or evidence of bad faith." *Id.* This would include evidence indicating an intention to "take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* But all the undisputed evidence here points to the contrary. *Enneking Decl.* ¶¶ 7–12, 19–26; *Heim Decl.* ¶ 10; *Jankowski Decl.* ¶ 4. Far from showing an intentional choice, Stanley Steemer's neglectful conduct is excusable.

Plaintiff next claims that sophisticated litigants are held to a higher standard under Rule 60(b). *Opposition* at 7–8. Not true. Legal sophistication is not "determinative of whether the culpability standard is met." *Knoebber*, 244 F.3d at 699 n.6. And Plaintiff's argument ignores Stanley Steemer's undisputed evidence that (1) Stanley Steemer sent Continental the complaint; (2) Stanley Steemer's insurance policy gave Continental the right to retain counsel; and (3) Stanley Steemer reasonably believed that Continental would retain counsel, as it had

done in numerous other cases. *Jankowski Decl.* ¶ 4. This Court must accept this undisputed evidence. *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984).

Stanley Steemer has given a credible and good-faith (undisputed) explanation for failing to answer. And it has shown that it will defend itself on the merits going forward. All this warrants vacating the entry of default and default judgment. *See Nat'l Cont'l Ins. Co. v. Young's Cargo, Inc.*, No. 1:17-cv-01016, 2018 WL 2002440, at *2 (E.D. Cal. Apr. 30, 2018) (finding that where defendants gave a "credible, good faith explanation for their failure to answer" and have "now appeared and adequately displayed their willingness to cooperate fully going forward," that supported no culpability).

Stanley Steemer was not culpable for the default, so this factor supports Stanley Steemer.

**3. Stanley Steemer has plausibly alleged facts that establish meritorious defenses to Plaintiff's negligence claim.**

A defendant need only "allege sufficient facts that, if true, would constitute a defense" and show "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *United States v. Signed Pers. Check No. 730 of Yubran Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). Stanley Steemer has alleged facts, based on Plaintiff's own evidence, undermining proximate cause. It has presented its own evidence that undermines the causation and damages elements of Plaintiff's negligence claim. And this evidence shows at least "some possibility" that the outcome here will be different after a trial on the merits.

Criticizing Stanley Steemer for not presenting expert testimony, Plaintiff claims that Stanley Steemer has merely poked holes in Plaintiff's evidence. *Opposition* at 10–12, 14. That is a bold position because, again, Plaintiff has ignored Stanley Steemer's repeated requests—since May 2024—for all information that supports Plaintiff's alleged damages, including the thousands of pages of records reviewed by her experts to form their opinions. *Enneking Decl.* ¶¶ 7–12, 19–26; *Second Reynolds Decl.*, Ex. 3. Plaintiff even mocked Stanley Steemer's latest

request, last week, for this same information. *Second Reynolds Decl.*, Ex. 2. But Plaintiff holds all the cards. And had she produced that information, Stanley Steemer would have had the opportunity to retain experts to contest Plaintiff's expert reports.

Even so, Plaintiff misstates Stanley Steemer's burden to establish a meritorious defense. Stanley Steemer need only plead facts that satisfy a plausibility standard, akin to Rule 12(b)(6). But it need not prove those facts with evidence. *Knoebber*, 244 F.3d at 700 (observing that "whether the factual allegation was true would be the subject of later litigation"). Nor must it submit evidence that definitively disproves Plaintiff's facts because this Court resolves no evidentiary disputes at this posture. *See Microsoft Corp. v. Temme*, No. C10-408 MJP, 2010 WL 11688430, at *2 (W.D. Wash. Nov. 5, 2010).

Stanley Steemer admits negligence. It disputes only causation and damages. So it need only plausibly allege facts that, if true, establish a defense on either issue. And it did exactly that.

On causation, Stanley Steemer has plausibly alleged sufficient facts that challenge whether its admitted negligence proximately caused all the damages this Court awarded. For instance, Plaintiff's evidence reflects four pre-accident concussions and diagnoses for ADHD, anxiety, and social stressors. Dkt. 16-2 at 2. Post-collision photographs show minimal property damage, supporting a causation dispute for TBI and chronic sequelae. *Jankowski Decl.* ¶ 4(a) (photos). All this evidence undercuts causation for at least some of Plaintiff's claimed damages, sufficing to establish a legally cognizable defense. *See Nat'l Cont'l Ins. Co.*, 2018 WL 2002440, at *2–3 (finding that good cause shown by an explanation establishing a potential defense).

On damages, these same post-collision facts undermine Plaintiff's damages claim. They show a minimal impact to Plaintiff's vehicle, suggesting minimal injury. And Plaintiff walked away from the accident with alleged soft-tissue injuries, only. This suffices to establish a meritorious defense.

More, Stanley Steemer has pleaded facts to plausibly establish that, even if Plaintiff has damages, they will likely be less than what this Court awarded. For instance, Plaintiff's life-care report used male-earnings data to project a female plaintiff's lost earnings and included alcohol-treatment costs despite a pre-accident history of alcohol use. Dkt. 16-6 at 16, 18.[1] This creates a methodological dispute. And this Court acknowledged a damages issue because it reduced claimed damages by $690,000 and adopted midpoints. Dkt. 18 at 10–16. This shows that damages are at least reasonably debatable.

Plaintiff invokes the "eggshell plaintiff" principle. *Opposition* at 11–12. But that principle does not eliminate a plaintiff's burden to prove causation. A plaintiff still must prove that a defendant's negligence proximately caused all her alleged damages.

Stanley Steemer has established meritorious defenses. This element favors Stanley Steemer. And because all good-cause elements favor Stanley Steemer, this Court should vacate the entry of default and default judgment.

### C. Stanley Steemer informally appeared and indicated an intent to defend itself.

Plaintiff again ignores the unrebutted evidence Stanley Steemer submitted. Its representative contacted Plaintiff's counsel at least 40 times over two years between June 2023 and June 2025. It requested, among other things, all information about Plaintiff's alleged damages. And it made a settlement offer, which remains open, in December 2024.

Those pre-suit and post-suit communications, nearly all of which happened before entry of default and default judgment, indicated an intent to defend. Because Stanley Steemer informally appeared, Plaintiff had to give Stanley Steemer notice of seeking default. She failed do so. As a result, the entry of default and default judgment should be vacated.

---

[1] There can be no dispute, unfortunately, that a gender-pay gap remains between men and women in the work force. Richard Fry & Carolina Aragão, *Gender pay gap in U.S. has narrowed slightly over 2 decades*, PEW RESEARCH CENTER, https://www.pewresearch.org/short-reads/2025/03/04/gender-pay-gap-in-us-has-narrowed-slightly-over-2-decades/ (Mar. 4, 2025). Stanley Steemer wishes no pay gap existed. But pointing out this data is certainly not sexist. *Opposition* at 12.

## III. CONCLUSION

Good cause supports vacating the entry of default and the nearly $5.2 million default judgment under Rule 60(b). And Stanley Steemer informally appeared in this action, entitling it to notice before Plaintiff sought default under Rule 55. Justice compels this case to be decided on the merits.

DATED: October 3, 2025.

CARNEY BADLEY SPELLMAN, PS

By: *<u>/s/ Rory D. Cosgrove</u>*
Rory D. Cosgrove, WSBA No. 48647
Jason W. Anderson, WSBA No. 30512
Ashley D. Burman, WSBA No. 58754

701 Fifth Avenue, Suite 3600
Seattle, Washington 98104
(206) 607-8020

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: *<u>/s/ Rachel Tallon Reynolds</u>*
Rachel Tallon Reynolds, WSBA No. 38750
Dirk J. Muse, WSBA No. 28911
Natasha A. Fingar, WSBA No. 62842

520 Pike Street, Suite 2350
Seattle, Washington 98101
(206) 709-5900

*Attorneys for Defendant Stanley Steemer International, Inc.*