Hon. Tana Lin

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| B.G., A MINOR, BY AND THROUGH HER PARENT AND LEGAL GUARDIAN, TIFFANY ST. JOHN,<br>Plaintiff,<br>v.<br>STANLEY STEEMER INTERNATIONAL, INC.,<br>Defendant. | NO. 2:24-CV-2105-TL<br>DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11<br>NOTE ON MOTION CALENDAR: August 14, 2026<br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION AND RELIEF REQUESTED

Rule 11 exists to ensure factual representations made to the court have evidentiary support and are not made for an improper purpose. Fed. R. Civ. P. 11(b). When an attorney fails to meet the rule's minimal demands, a court has broad discretion to fashion an appropriate sanction.

In obtaining a nearly $5.2 million default judgment on Plaintiff's behalf, Attorney Ryan Pittman (WSBA No. 57560) of Hagens Berman Sobol Shapiro, LLP made numerous material misrepresentations to this Court in sworn declarations and court filings. Those misrepresentations lacked evidentiary support and bamboozled this Court into believing that Defendant Stanley Steemer International, Inc. had no intent to defend this lawsuit and that



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Plaintiff had no recourse absent a default judgment. Plaintiff's counsel knew that none of this was true. Yet they decided to conceal the true circumstances that preceded Defendant's default.

As Plaintiff's counsel knew but concealed from this Court when seeking default, in the 18 months that preceded this lawsuit's filing in December 2024, Defendant's insurer, Plaintiff, and Plaintiff's counsel exchanged correspondence at least 35 times. The topics of this correspondence included payment for property damage to Ms. St. John's vehicle; Ms. Gonzalez's medical bills, diagnoses, and treatment; status requests; and a settlement offer. Soon after Defendant became aware of the default judgment in August 2025, Defendant gave Plaintiff's counsel the opportunity to withdraw and correct their material misrepresentations. They refused.

Instead, Plaintiff's counsel doubled down on their misrepresentations, expressed intent to enforce the default judgment, and sent a colorful handwritten three-sentence taunt prominently featuring an oversized frowny face expressing confidence that the court would not vacate the judgment. This Court ultimately vacated the default judgment, admonished counsel for unprofessionalism and incivility, and seem to suggest that it would consider sanctions for Plaintiff's counsel's misconduct. Dkt. No. 32 at 5. Less than 24 hours after the default judgment was vacated, Plaintiff voluntarily dismissed her case. And Plaintiff has since re-filed the lawsuit in King County Superior Court.

This Court should enforce Rule 11. Plaintiff's counsel's misconduct—material misstatements to the Court in sworn declarations and motions meant to conceal the true circumstances that preceded Defendant's default—violated Rule 11. Monetary sanctions caused by the Rule 11 violation are warranted to remedy Plaintiff's counsel's misconduct, which led to a significant default judgment against Defendant. This Court should sanction Plaintiff's counsel and their firm, jointly and severally, for $85,000. That amount represents



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

the reasonable attorney's fees and costs Defendant incurred to successfully vacate the default order and judgment. And that sanction is proportional to the Rule 11 violations and sufficient to compensate, educate, and deter.

## II. STATEMENT OF FACTS

This matter arises out of a motor-vehicle accident on I-5 in June 2023.

Within days of the accident, Plaintiff Tiffany St. John was in contact with Defendant's insurer, Continental Casualty Company ("Continental"). Dkt. No. 23 Enneking Decl. ¶ 4. On or around July 24, 2023, Plaintiff advised Continental she had retained an attorney, Ryan Pittman. *Id.* Attorney Pittman provided Continental with a letter of representation in August. *Id.* Between June 2023, when Continental first attempted to contact Bailey Gonzalez, and December 26, 2024, when Defendant was served with the summons and complaint, Continental and Plaintiff/Plaintiff's counsel exchanged communication via email and phone at least th35irty-five times. *Id.* ¶ 6. The topics of these communications included payment for damage to Plaintiff's vehicle, Bailey's medical bills, diagnoses, and treatment, preparation of a demand by Plaintiff's counsel, status requests, and an initial settlement offer by Continental. *Id.* Plaintiff served Defendant with the summons and complaint on December 26, 2024. Defendant sent the Complaint to Continental, believing Continental would engage defense counsel to respond appropriately to the Complaint and monitor the case, as it had routinely done for Defendant in all prior litigation against Defendant. Dkt. No. 26 Jankowski Decl. ¶ 4. Through an apparent mistake or miscommunication, Continental did not retain defense counsel to respond to the Complaint.

Plaintiff sought default on January 24, 2025. At that time, Continental—on Defendant's behalf—had made a pending settlement offer of $25,000 to resolve the case. To support default, Attorney Pittman declared under penalty of perjury: "Defendant has not contacted counsel for



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Plaintiff or appeared in this action." Dkt. No. 11 ¶ 7. While technically true, this representation concealed the extensive communications Continental—acting as Stanley Steemer's agent—had exchanged with Plaintiff's counsel over an 18-month period preceding that declaration. Default was entered against Defendant on January 29, 2025.

On April 29, 2025, Plaintiff sought a default judgment. To support the motion, Attorney Pittman declared under penalty of perjury, "as of the date of filing, Defendant has not appeared to defend this lawsuit." Dkt. No. 16 ¶ 10. This representation concealed that Continental had demonstrated a clear intent to defend Stanley Steemer's interests through extensive pre-suit communications, including a pending settlement offer. Plaintiff's motion for default judgment also asserted: "If [Plaintiff's] motion for default judgment is not granted, she will have no recourse for recovery." Dkt. No. 15 at 13. This assertion lacked evidentiary support because Plaintiff's counsel failed to inform the Court of the pending $25,000 settlement offer extended by Continental on Stanley Steemer's behalf. And Plaintiff's counsel failed to inform the Court that while Plaintiff was seeking a default judgment, Continental requested from Plaintiff's counsel a response to the pending settlement offer and a return call to discuss the status of the case. Dkt. No. 23 Enneking Decl. ¶ 25.

Relying on Plaintiff's counsel's misrepresentations, the Court entered a default judgment against Defendant for $5,185,673.46.

Stanley Steemer and Continental did not know this Court had entered default judgment until over a month later in August 2025. Dkt. No. 26 Jankowski Decl. ¶ 7, Ex. 2; Dkt. No. 23 Enneking Decl. ¶ 12. On September 8, 2025, counsel for Stanley Steemer sent Plaintiff's counsel a letter identifying their misrepresentations, notifying Plaintiff's counsel of their Rule 11 violations, and requesting that they withdraw the misrepresentations. Dkt. No. 25 Reynolds Decl. ¶¶ 3-4, Ex. 1. Plaintiff's counsel refused. Dkt. No. 25 Reynolds Decl. ¶ 5, Ex. 2.



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Less than a week later, Defendant sought to set aside the default order and judgment. Dkt. No. 22. Defense counsel once again invited Plaintiff's counsel to stipulate to vacate the default judgment, but Plaintiff's counsel again refused and invited Defendant to make an offer to resolve the matter. In late September 2025, before the briefing on the motion to vacate concluded, Defendant's counsel sent a letter to Plaintiff's counsel reminding them that the $25,000 offer made in November 2024 remained open and inviting Plaintiff's counsel to provide additional information and records if they believed the claim should be re-evaluated. Rather than address the substance of the letter, Attorney David P. Moody responded "with a three-sentence handwritten taunt scrawled across the letter in bright blue marker, featuring red wiggly underlining and an oversized frowny face—complete with black eyebrows and blue irises." Dkt. No. 32 at 3 (citing Dkt. No. 31-1 at 10). In oversized writing, Moody handwrote: "We are confident the Court will not vacate the Judgment." Dkt. No. 31-1 at 10. Plaintiff's counsel never withdrew their misstatements and did not agree to vacate the default judgment.

Last June, the Court entered an order setting aside the default judgment granted. Dkt. No. 32. In its order, the Court devoted an entire section to admonishing Plaintiff's counsel for "unprofessionalism and incivility." *Id.* at 2-5. Critically, the Court found that Plaintiff's counsel's representations in their filings "hid from the Court material facts regarding the true circumstances that preceded Defendant's default." *Id.* at 4. It specifically noted that while Plaintiff's counsel averred that Defendant had not "contacted counsel for Plaintiff," this representation "hid from the Court" that Defendant's insurer and Plaintiff's counsel had "exchanged correspondence via email and phone at least 35 times" prior to the filing of the default motion. *Id.* It found that Plaintiff's assertion in her motion for default judgment that "she will have no recourse for recovery" was "dubious at best" given Continental's pending $25,000 settlement offer. *Id.* at 5. And it seemed to suggest that it would later consider



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

sanctions. *Id*.

Less than 24 hours after the Court vacated the default judgment and admonished her counsel—Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 34. The dismissal was granted on July 13. Plaintiff's counsel has since refiled her case in King County Superior Court. Declaration of Dirk J. Muse, Ex. 1.

## III. EVIDENCE RELIED UPON

This motion relies upon the papers and pleadings on file with the Court and the declarations of Rory D. Cosgrove and Dirk J. Muse.

## IV. LEGAL AUTHORITY AND ARGUMENT

### A. Rule 11 Sanctions Standard

Under Rule 11, every pleading, motion, and other paper presented to the court must be signed by an attorney or unrepresented party. Fed. R. Civ. P. 11(a). When an attorney presents a pleading, motion, or other paper to the court, they certify to the best of their knowledge, information, and belief formed after a reasonable inquiry that the document (1) is not presented for an improper purpose; (2) the claims, defenses, and legal contentions are warranted by existing law; (3) the factual contentions have evidentiary support; and (4) any denials of factual contentions are warranted. Fed R. Civ. P. 11(b).

A court has broad discretion to sanction any party, attorney, or law firm that violates Rule 11(b). Fed. R. Civ. P. 11(c)(1). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). A motion seeking sanctions under Rule 11 must describe the specific conduct that violated Rule 11(b) and cannot be filed "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P.



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

11(c)(2).

Defendant complied with the safe-harbor provision of Rule 11. Before seeking to vacate the default order and judgment, Defendant's counsel notified Plaintiff's counsel of their Rule 11 violations, identified their misrepresentations, and requested Plaintiff's counsel to withdraw the misrepresentations. Dkt. No. 25 Reynolds Decl. ¶ 3. More than 21 days have elapsed since service of the safe-harbor letter, and Plaintiff's counsel has never withdrawn the challenged statements or otherwise corrected the record.

**B. Plaintiff's counsel's misconduct violated Rule 11 because their filings lacked evidentiary support and were made for an improper purpose.**

Plaintiff's counsel's misconduct warrants sanctions under Rule 11. First, Plaintiff's counsel's filings lacked evidentiary support, violating Rule 11(b)(3). Second, Plaintiff's counsel's filings were presented for an improper purpose, violating Rule 11(b)(1).

**1. Plaintiff's counsel's factual contentions lacked evidentiary support.**

Rule 11 requires factual contentions in a pleading, motion, or paper have evidentiary support or likely have evidentiary support after reasonable opportunity for investigation. Fed. R. Civ. Pro. 11(b)(3). An attorney violates this provision when a reasonable inquiry would have revealed that the position has no factual foundation. *Id.*

Attorney Pittman's declaration in support of the motion for entry of default stated that "Defendant has not contacted counsel for Plaintiff or appeared in this action." Dkt. No. 11 ¶ 7. This representation lacked evidentiary support. A reasonable inquiry by Mr. Pittman would have revealed this representation was misleading. The unrebutted evidence demonstrated that Continental—acting as Defendant's agent—and Plaintiff's counsel had exchanged correspondence via email and phone at least 35 times between June 21, 2023, and December 26, 2024. Dkt. No. 23 Enneking Decl. ¶ 6. These communications included discussions of



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

payment for property damage, Bailey's medical bills, diagnoses, treatment, preparation of a demand, status requests, and a settlement offer. *Id*. Attorney Pittman's narrow, technically worded representation concealed these material facts from the Court. The Court found in its June 17, 2026, Order that Attorney Pittman's representation "hid from the Court material facts regarding the true circumstances that preceded Defendant's default." Dkt. No. 32 at 4. A reasonable inquiry by Plaintiff's counsel would have revealed that Defendant, through its insurer, had extensive contact with counsel.

Attorney Pittman's declaration in support of Plaintiff's motion for default judgment stated: "As of the date of filing, Defendant has not appeared to defend this lawsuit." Dkt. No. 16 ¶ 10. This representation was likewise misleading. While Defendant had not filed a formal appearance, Continental had demonstrated an intent to defend Stanley Steemer's interests through extensive pre-suit communications, including discussing the status of the case with Plaintiff's counsel on numerous occasions, requesting updates on treatment, settling the related property damage claim, and extending an initial settlement offer for the personal injury claim. These contacts evidenced Defendant's intent to participate in and resolve the dispute through its insurer—the same arrangement that Defendant had used in other lawsuits per its standard practice.

Similarly, Plaintiff's motion for default judgment asserted that "[i]f [Plaintiff's] motion for default judgment is not granted, she will have no recourse for recovery." Dkt. No. 15 at 13. This assertion was made while Continental's $25,000 settlement offer remained pending and unacknowledged by Plaintiff's counsel. As this Court observed, "[g]iven the pending $25,000 offer to settle, this assertion was dubious at best." Dkt. No. 32 at 5. Plaintiff's counsel knew of the pending settlement offer and deliberately failed to disclose it to the Court. A reasonable inquiry would have revealed that Plaintiff had an alternative means of recovery available, absent



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

a default judgment.

Furthermore, between January 16, 2025, and June 12, 2025—while Plaintiff's counsel was actively seeking a default order and default judgment—Continental called Plaintiff's counsel six times, leaving voicemails requesting a return call to discuss the case and the pending settlement offer. Dkt. No. 23 Enneking Decl. ¶ 25. Plaintiff's counsel returned none of these calls. *Id.* At no point did Plaintiff's counsel indicate an intent to move for default. *Id.* ¶ 27. Plaintiff's counsel's silence was not merely an omission—it was a deliberate strategy to ensure Defendant remained unaware of the default proceedings while counsel simultaneously misrepresented to the Court that Defendant had abandoned the case.

At the core, what makes Plaintiff's counsel's conduct so egregious is that they needed to conduct no inquiry to uncover the facts. Unlike in traditional discovery, where a lawyer has a duty to reasonably inquire with their client about production of documents in the client's possession, Plaintiff's counsel received Continental's emails and voicemails. Despite possessing that information before they sought default or a default judgment, Plaintiff's counsel still misrepresented facts to this Court that the record contradicted.

**2. Plaintiff's counsel's filings were presented for an improper purpose.**

Rule 11 prohibits the presentation of papers "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. Pro. 11(b)(1).

The record shows that Plaintiff's counsel's filings were made for an improper purpose. Plaintiff's counsel made both misleading and false representations in ex parte proceedings—Plaintiff's motions for entry of default and default judgment—to obtain a $5,185,673.46 judgment without Defendant's knowledge or participation. Plaintiff's counsel concealed from the Court the extensive history of communications between Continental and Plaintiff's counsel,



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

including the pending $25,000 settlement offer. These omissions were material because they allowed the motions to proceed without notice to Defendant and led the Court to believe that Defendant had entirely abandoned the litigation. The Court itself recognized this, noting that Plaintiff's counsel owed a heightened duty of candor "[p]articularly here, '[i]n an ex parte proceeding.'" Dkt. No. 32 at 5.

Worse, when defense counsel identified the misstatements and offered Plaintiff's counsel the opportunity to correct the record, Plaintiff's counsel refused. Rather than withdraw the challenged representations Plaintiff's counsel doubled down over a series of letters exchanged with Defendant's counsel expressing their intent to enforce the improperly obtained default judgment and their confidence the Court would not vacate the default judgment. This included one letter with a handwritten three-sentence taunt scrawled across defense counsel's letter in bright blue marker, featuring red wiggly underlining and an oversized frowny face complete with black eyebrows and blue irises. Dkt. No. 31-1 at 10. Attorney Moody used three different pens to write: "We are confident the Court will not vacate the Judgment." *Id.* This Court described this response as one that "beggars belief" and demonstrated "a lack of judgment and professionalism." Dkt. No. 32 at 3.

More, Plaintiff's counsel continued to ignore Continental's attempts to discuss the pending settlement offer and the case while simultaneously pursuing the default judgment. Between January and June 2025—the period during which the motions for default and default judgment were pending—Plaintiff's counsel failed to respond to at least six calls and voicemails from Continental. Dkt. No. 23 Enneking Decl. ¶ 23. Plaintiff's counsel's decision to ignore a pending settlement offer while simultaneously representing to the Court that Plaintiff had "no recourse for recovery" demonstrates that the filings were made for an improper purpose: to obtain a windfall judgment through misleading representations rather than resolve the dispute



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

on the merits.

**C. As a sanction, this Court should require Hagens Berman and Attorneys Moody and Pittman to pay the reasonable attorney's fees and costs Defendant incurred to vacate the default judgment.**

Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. Pro. 11(c)(4). A sanction "may include . . . an order directing payment to the movant of part of all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

Defendant was forced to retain both trial and appellate counsel to file a motion to vacate the default judgment, prepare multiple declarations, and respond to Plaintiff's opposition—all warranted because of Plaintiff's counsel's misrepresentations that led to a nearly $5.2 million default judgment. An award of reasonable attorney's fees and costs incurred in connection with vacating the default judgment is appropriate to deter Plaintiff's counsel and similarly situated attorneys from making similar misrepresentations to the Court in default proceedings in the future. This sanction is proportional to the Rule 11 violation and suffices to compensate Defendant, educate Plaintiff's counsel, and deter similar misconduct in the future.

The attached declarations Rory D. Cosgrove and Dirk J. Muse identify the reasonable fees and costs incurred by Defendant in connection with vacating the default judgment. All those fees and costs resulted directly from Plaintiff's counsel's misconduct.

**D. The Court retains jurisdiction to impose sanctions after Plaintiff's voluntary dismissal and re-filing of the action in state court.**

Plaintiff's voluntary dismissal of her case does not deprive this Court of jurisdiction to impose sanctions under Rule 11 because the violation is complete when the paper is filed and "a voluntary dismissal does not expunge the Rule 11 violation." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447 (1990). A later amendment to Rule 11 created an



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

exception to the rule established in *Cooter & Gell* by including a "safe harbor" provision requiring the party seeking sanctions to wait 21 days from service before filing their motion to allow the violating party the opportunity to withdraw or correct the challenged action. *De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 257 n.4 (2003) (citing Fed. R. Civ. P. 11(c)(1)(A)). Plaintiff's counsel filed for voluntary dismissal less than 24 hours after this Court vacated the default judgment and admonished counsel. This timing strongly suggests that Plaintiff's counsel dismissed the case to avoid further scrutiny of their misconduct in this Court. Such a tactical maneuver cannot insulate counsel from the consequences of their misconduct. Plaintiff's counsel was given far more than 21 days to withdraw the offending documents and correct the record, but they refused to do so. The Court thus retains jurisdiction to sanction Plaintiff's counsel for their Rule 11 violations.

## V. CONCLUSION

Plaintiff's counsel violated Rule 11. They made material factual misrepresentations to this Court and made filings for an improper purpose. Based on Plaintiff's counsel's misrepresentations, the Court entered a $5,185,673.46 default judgment against Stanley Steemer. This Court has already found Plaintiff's counsel's representations "hid from the Court material facts" and were "dubious at best." Dkt. No. 32 at 4-5. And it noted that it had not considered sanctions in its order vacating the default judgment because Defendant had not yet sought them. *Id.* at 5. Defendant now does.

This Court should find that Plaintiff's counsel violated Rule 11 and order that Plaintiff's counsel (Ryan Pittman and David Moody) and their firm Hagens Berman Sobol Shapiro LLP, jointly and severally, must pay $85,000 in fees and costs to Defendant as a sanction for their Rule 11 violations.

//



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

DATED this 30th day of July, 2026.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: */s/*Dirk J. Muse
Dirk J. Muse, WSBA #28911
520 Pike St., Suite 2350
Seattle, WA 98101
(206) 709-5900 (main)
(206) 709-5901 (fax)
dirk.muse@wilsonelser.com

*Attorneys for Defendant Stanley Steemer International, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 30, 2026, a true and correct copy of the foregoing was served on the attorneys of record via the CM/ECF court portal.

I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 30th day of July, 2026, at Seattle, Washington.

*/s/Dirk J. Muse*
Dirk J. Muse



**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)