UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

B.G., a minor, by and through her parent and legal guardian, TIFFANY ST. JOHN,

Plaintiff,

v.

STANLEY STEEMER INTERNATIONAL, INC.,

Defendant.

CASE NO. 2:24-cv-02105-TL

ORDER ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

This matter is before the Court on Defendant's Motion for Sanctions Under Rule 11. Dkt. No. 35. Having considered the motion, Plaintiff's opposition (Dkt. No. 38), Defendant's reply (Dkt. No. 40), and the relevant record, and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court DENIES Defendant's motion.

Federal Rule of Civil Procedure 11 requires:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

The Court assumes familiarity with the factual and procedural background of this case. *See generally* Dkt. No. 32 (order vacating default judgment). Plaintiff asserts that Defendant failed to comply with safe-harbor provision of Rule 11, because Plaintiff only sent a letter threatening Rule 11 sanctions without including a copy of any Rule 11 motion. *See* Dkt. No. 38 at 7–8. Defendant argues that even if it "did not technically comply with the safe harbor procedure," its letter "identified the precise misrepresentations and omissions that violated Rule 11 and demanded withdrawal or correction." Dkt. No. 40 at 2.

Plaintiff is correct here. The Ninth Circuit has long held that "warnings [are] not motions . . . , and the Rule requires service of a motion." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). The Ninth Circuit further noted that "[i]t would . . . wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion." *Id.* "It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).

Therefore, Defendant's Motion for Sanctions (Dkt. No. 35) is DENIED.[1]

Dated this 26th day of October 2026.

Tana Lin
United States District Judge

[1] Even if Plaintiff had complied with the safe-harbor rule, the Court would have found the involvement of two firms and six lawyers to vacate the default order—which led to a request for $85,000 in fees and costs incurred (*see* Dkt. No. 35 at 12; Dkt. 36-2 at 2–10; Dkt. 37 ¶ 11)—excessive, given that the burden to carry such a motion is "minimal." *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089, 1094 (9th Cir. 2010).